CALHOUN, Judge, &c. vs LUNSFORD, et al.

CALHOUN, Judge, &c. vs LUNSFORD, et al.

*As to the bond of a tax collector.*

1. No action can be maintained by the successor of a Judge of the County Court, upon the bond of an assessor and collector of taxes, made payable to the Judge—such bond, by statute, being required to be made payable to the Governor.

In error to the Circuit Court of Dallas.

This was an action commenced by the plaintiff in error, in his capacity of Judge of the County Court of Dallas county, against Lunsford, and others, his sureties ; and was founded upon the bond of Lunsford, as an assessor and collector of taxes. The bond was, by its terms, made payable to one Clinton, Judge of the County Court of Dallas ; and the plaintiff alledged himself to be the successor in that office, of the said Clinton, and brought this action to recover, for the failure of the defendant to assess, collect and pay over, the county taxes, during the year eighteen hundred and thirty-three.

A demurrer was filed to the declaration which was sustained, and judgment given for the defendants. This judgment was here assigned in error.

*Edwards*, for plaintiff in error—*J. B. Clark*, contra.

HOPKINS, C. J.—In this case the action is upon a penal bond made by the defendants, and payable to Richard S. Clinton, Judge of the County Court of

4P.                    44

Dallas county, or his successors in office. The bond was subject to a condition, in which the election of Lunsford, one of the obligors, to the office of assessor and tax collector of Dallas county was recited. By the condition, the bond was to become void if Lunsford should faithfully discharge the duties of his office. The action was brought by the plaintiff in error, as the successor in office of Richard S. Clinton. In the declaration the condition is set out, and breaches of it are assigned. The defendants demurred to the declaration, and judgment was rendered for them upon the demurrer. It is assigned for error in this Court, that the Circuit Court erred in sustaining the demurrer.

Our statute law requires an assessor and tax collector to make a penal bond, with sureties and a condition, which the law prescribes. The law requires that the bond be made payable to the Governor of the State and his successors in office, and that it be approved by the Judge of the County Court of the county in which the assessor shall be elected. A Judge of a County Court has corporate powers, so far as to enable him to discharge his official duties. The successor in office of such a Judge would be entitled to an action upon any contract that the Judge was authorised to make, and had entered into in his official capacity, and upon which the Judge would have a right of action, if he had continued in the office. But it was not necessary for Judge Clinton to take the bond in this case payable to himself, to enable him to perform any official duty, which was required of him. His duties in relation to the official bond of the assessor and tax collector, were definite.

CALHOUN, Judge, &c. *vs* LUNSFORD, et al.

He was required to fix the penalty of the bond, to approve it, and cause it to be recorded in the office of the clerk of his Court.    In taking the bond payable to himself, he acted in his natural capacity; and although the bond was made payable to him, as the Judge of the County Court of Dallas county, or his successors in office, yet as he had no authority to take it to himself in his official capacity, the legal effect of the bond is the same that it would be if his official character had been omitted in the bond.    As the declaration showed that the plaintiff had no right to the action, the demurrer of the defendants was properly sustained.

Whether Clinton, or his representatives, if he be dead, could maintain an action upon the bond, for the use of the county or its treasurer, on the ground that the bond was voluntarily made, and by mistake substituted by the parties for the bond required by the statute, is a question, upon which, we express no opinion.[*]

The judgment is affirmed.

[*] 8 Johns. Rep. 330; 1 Cowen's Rep. 670; Aik. Dig. 36. 422.