NATHANIEL LORD, Treasurer, *versus* JOHN LANCEY & *al.*

The St. 1836, c. 212, "concerning constable's and collector's bonds," embraces *cities*, as well as towns, parishes, and plantations.

After that statute took effect, a bond to F. W. treasurer of the city of Bangor, or his successor in office, is erroneously made ; but nevertheless may be a good bond at common law.

But as it is not a statute bond, an action thereon in the name of a successor of F. W. in the office of treasurer of the city, cannot be maintained.

DEBT on a bond given by Lancey, as principal, and by the other four defendants as his sureties, to " Ford Whitman, Treasurer of said city of Bangor, in said capacity, in the sum of fifty thousand dollars, to be paid to said Ford Whitman, or his successor in his said office," and bearing date July 21st, 1836. Ford Whitman had been chosen treasurer, and John Lancey collector of the city of Bangor, for the year 1836 ; and Nathaniel Lord, the plaintiff, was treasurer at the time the action was commenced and at the time of the trial.

A default was entered by consent of parties, which was to be taken off, if in the opinion of the Court the action cannot be maintained, and in the name of the present plaintiff.

*J. Appleton* and *Warren,* for the defendants, contended, that the action could not be maintained on this bond, because it was given to Whitman, as treasurer, when the statute requires, that a collector's bond should be made to the city and approved by the city government. St. 1836, c. 212. This statute is imperative, and repeals all former acts. Although Bangor is a city, it is included under the name of town. A town incorporated as a city is still a town. A bond given to the wrong person is void, and not entitled to validity as a com-.mon law bond. *Purple* v. *Purple,* 5 Pick. 226 ; 1 Penning. 115.

But if the bond be valid, as a common law bond, the action must be brought in the name of the obligee, and not, as in this case, in the name of an assignee, or successor. It is only on a statute bond, that an action can be supported in the name of

a successor. 3 Dev. 284, 297; 4 Dev. 43; 2 Hawks, 1; Jacob's law Dic. Corporations; Co. Lit. 9 (a); 2 Porter, 345.

*Cutting*, for the plaintiff, contended that the statute of 1836, has no application to cities. It relates only to towns, parishes and plantations.

But if this is not a bond taken in pursuance of any statute provision it is good at common law. There is no statute forbiding a city or a town to take a bond to their treasurer and to his successor, to secure the payment of money belonging to such city that may come into the hands of the obligor. *Winthrop* v. *Dockendorff*, 3 Greenl. 363; 3 Call, 523; 1 Wash. C. C. R. 367; 2 Stewart, 507; *Morse* v. *Hodsdon*, 5 Mass. R. 316; *Freeman* v. *Davis*, 7 Mass. R. 200; *Arnold* v. *Allen*, 8 Mass. R. 147; *Burroughs* v. *Lowder*, ib. 373. A bond to any person interested is good. Every inhabitant of Bangor has an interest to have the tax money paid over, when collected. The obligee holds the bond in trust for the inhabitants of the city.

The action is rightly brought in the name of the present treasurer. The defendants expressly contract and oblige themselves to pay, not only to Ford Whitman, but to any other person, who may be treasurer of the city. The successor may be made certain, and the promise is directly to him.

The opinion of the Court was by

SHEPLEY J. — The bond of a collector of taxes was formerly required to be made to the treasurer of the town. St. 1821, c. 116, § 23. The act of the 15th of March, 1836, c. 212, provided, that all bonds to be given by collectors of taxes should be given to the inhabitants of the towns, parishes, or plantations, for which they were chosen or appointed. The bond in suit was made by a collector of taxes and his sureties on the twenty-first day of July, 1836, to Ford Whitman, treasurer of the city of Bangor, to be paid to him or his successors in office. If the act of 1836 embraces cities, this bond should not have been made to the treasurer, but to the inhabitants. The act incorporating the city of Bangor, special laws, c. 436,

§ 5, provides, that " all taxes shall be assessed and apportioned and collected in the manner prescribed by the laws of this State relative to town taxes ;" although the city may establish further and additional provisions on that subject. As the duties of a collector of taxes in the city are the same, in the absence of any further provisions, as those of a collector of town taxes, the security to be required of him would be the same, and it would seem must be made in the same manner. The city continues to be a town for all the purposes of taxation and collection, although under another name and with different powers for certain purposes. There can be little doubt, that it was the intention to make a change in the mode of making the bonds in all cases, where they were required of collectors of taxes ; and apparently for the purpose of making an explicit provision for their approval by the proper officers of the towns, parishes, and plantations. The bond in this case must therefore be considered as erroneously made to the treasurer. It may nevertheless be a good bond at common law. *Winthrop v. Dockendorff*, 3 Greenl. 156 ; *Kavanagh v. Saunders*, 8 Greenl. 422 ; *Horn v. Whittier*, 6 N. H. R. 88 ; *U. States v. Tingey*, 5 Peters, 115. But the present plaintiff cannot maintain an action upon it. He is not a party to the contract, and has no interest in it. Nor can he claim to prosecute it as a trustee for others ; for he is not, either by implication or by the provisions of any statute, appointed such trustee. It is contended in argument, that the defendants oblige themselves to pay to the successor of the obligee, that the plaintiff is such successor, and that there is therefore a contract between these parties. But this reasoning presents only the common case of a bond made payable to a person named and his assigns, with the well settled doctrine, that the assignee cannot at law maintain an action upon it in his own name. He can only do so by the provision of some statute authorizing it. And the successor in office can maintain a suit on a bond made to his predecessor only in cases authorized by statute. The statutes in this State give such authority only in cases where the bond is made in conformity to the provisions of a statute. In the

Lord *v.* Lancey.

case of *White, Judge,* v. *Quarles,* 14 Mass. R. 451, the bond was made to Samuel Holton, a predecessor of the plaintiff in the office of Judge of Probate, and to his successors in office, and the decision was, that if not a probate bond, the action was not rightly brought in the name of the successor in office.

In the case of *Stuart* v. *Lee,* 3 Call, 421, the bond was made by the sheriff of a county and his sureties to Beverly Randolph as Governor, and his successors in office, when it should have been made to the justices of the county; and it was decided, that the plaintiff, being the successor of the Governor in office, could not maintain the action.

In the case of *Calhoun, Judge,* v. *Lunsford,* 4 Porter, 345, the bond was made by an assessor and collector of taxes to Richard S. Clinton, Judge, and his successors in office, when it should have been made to the Governor of the State and his successors in office; and it was decided, that the plaintiff, being the successor of Clinton, could not maintain the suit.

The default is to be taken off, and a new trial granted.