## HART v. SMITH.

1. A bill of exchange, payable *at sight,* is entitled to days of grace, and a demand of payment, and notice to the drawer, without a previous presentation for acceptance, are insufficient to charge him.

Error to the County Court of Lowndes. Before the Hon. Edward H. Cook, Judge.

THE facts of this case are fully shown in the opinion of the court.

STONE, for plaintiff in error.

T. J. JUDGE, contra.

1. Bills payable at sight, being different from those payable on demand, (9th ed. Chit. 410,) should be presented for ac-

ceptance within a reasonable time, and before payment thereof be demanded. Chitty on Bills, 10th ed. 274; Fernandez v. Lewis, 1 McCord, 322. For, (sight meaning acceptance,) bills payable at, or after sight, do not become due until after they are accepted, or protested for non-acceptance. Brown v. Turner, 11 Ala. 752; Chitty on Bills, 10th ed. 272; Stephens's N. P. 875, and authorities there cited. And, after acceptance, it is now well settled, that such bills are entitled to days of grace. 9th ed. Chitty on Bills, mar. pp. 409, 410; 10th ed. Chit. on Bills, marg. pp. 376, 377, and note T, on p. 377; Bailey on Bills, 5th ed. 98; Forbes on Bills, 142; Janson v. Thomas, B. R. Trinity Term, 24th Geo. 3; Dixon v. Nuttall, 1 C. M. & R. 307; Dehers v. Harriot, 1 Show. 163; Coleman v. Sayer, 1 Barnard, 303; Viner's Ab. title Bills Ex.; 3 Dougl. 421; Selwyn's N. P. 9th ed. 351. In the case at bar, then, the presentment for payment was premature, and a nullity. 1 Mason, 176; Wiffen v. Roberts, 1 Espinass. 262; Brown v. Harraden, 4 Term R. 148; Griffin v. Goff, 12 Johns. 423; Savings Bank v. Bates, 8 Con. 505; Pratt v. Eads, 1 Blackford, 87. The authorities cited by plaintiff in error, showing it unnecessary to protest an inland bill, to authorize a holder to recover, have no application: there is a difference, between protest and notice.

DARGAN, J.—This was an action of assumpsit, on a bill of exchange, drawn by the defendant, in favor of the plaintiff, on Desha & Smith, dated the 26th February, 1846, payable at sight. The only evidence introduced to charge the drawer, was the bill, and protest, showing a demand of payment made of the drawees, on the 4th of March, 1846, and notice to the drawer. The court charged the jury, that the plaintiff could not recover.

A bill, payable on demand, or at any fixed time, need not be presented for acceptance, but a demand of payment, at the time the holder has the legal right to demand payment, is all that is necessary. And if the bill be not paid, the holder may protest it for non-payment, and on his giving due notice to the drawer and indorsers, their liability is fixed. Evans v. Bridges, 4 Porter, 345; 1 Peters, 25; 2 ib. 170; Chitty on Bills, 10th ed. 272. But when the time of payment is

uncertain, and a presentation of the bill is necessary, in order to ascertain, and fix, the time of payment.  As, if the bill be payable at a number of days after sight, then the bill must be presented for acceptance before payment is demanded. Story on Bills, § 112, 227; Chitty on Bills, 10th ed. 272; Bayley on Bills, 5th ed. 217, 218.

It is contended, that a bill payable at sight, is entitled to days of grace, and therefore it must be presented for acceptance, before payment can be demanded.

I am free to confess, that my opinion, untrammeled by authority, would incline me to hold, that a bill of exchange, *payable at sight*, is not entitled to days of grace, and that payment may be demanded on presenting the bill; which, if refused, would authorize the holder forthwith to have it protested for non-payment, and, on giving notice to the drawer, to hold him liable.  But the law seems to be settled otherwise.  Judge Story, in his treatise on Bills, says, "that days of grace are allowed on all bills, whether payable at a certain time after date, after sight, or even at sight.  And although there has been some diversity of opinion, whether bills payable at sight, are entitled to days of grace, it is now settled by the decisions, both in England and America, that days of grace are allowable on such bills."  § 342, p. 429.  To the same effect, see Chitty on Bills, 10th ed. 376; Bayley on Bills, 5th ed. 244, 245; Selwyn's N. P. 9th ed. 351; Coleman v. Sayre, 1 Barnard, 303; Dehers v. Harriot, 1 Show. 165; Stephens's N. P. 876.  Under the influence of these authorities, I feel constrained to hold, that a bill payable at sight, is entitled to days of grace; consequently, a demand of payment made of the drawer, upon the first presentation of the bill to him, is insufficient to charge the drawer, for the bill is not then due.  As there was no evidence of any previous presentation of the bill for acceptance, nor notice given of non-acceptance, the demand of payment was prematurely made, and was therefore a nullity.

As the evidence fails to show a demand of payment on the day the bill was payable, the court correctly instructed the jury, that the plaintiff could not recover.

Let the judgment be affirmed.