# Pennsylvania Casualty Co. *v.* Mitchell.

## *Action on Insurance Policy.*

### (Decided Dec. 17, 1908. 48 South. 78.)

1. *Pleading; Form; Waiver.*—Although the plea of not guilty is not a proper plea in an action on an insurance policy, it will be considered a plea of the general issue in the absence of demurrer to it.

2. *Insurance; Action for Indemnity; Instruction.*—Where the policy provided that the company would not be liable except for sickness commencing after the policy had been in force sixty days, and the only defense was that the sickness for which indemnity was sought commenced within the sixty days after the policy was in force, an instruction that if the sickness for which plaintiff claims indemnity was contracted after sixty days from the date of the policy, the plaintiff is entitled to recover, is not improper, although such instructions failed to require a recovery to be based on evidence as to any other fact necessary to make out plaintiff's case.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Shaler A. Mitchell against the Pennsylvania Casualty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

E. C. CROW and CABINESS & BOWIE, for appellant. In 2 Mayfield's Digest, pp. 572-3 (199) it is said: "A charge which assumes a fact to be proved, without refering to the jury the credibility of the evidence offered

to prove it, and whether, if credible, it proves the fact, is an invasion of the province of the jury. It is the province of the jury, not of the court, to find from the evidence, what is proved. The jury alone can determine the credibility of the evidence, and what it proves, and a charge that assumes to do this is erroneous.—*Thompson v. State,* 47 Ala. 37; *David v. Malone,* 48 Ala. 428."

See also *B. R. L. & P. Co. v. Mullen,* 138 Ala. 614; *Montgomery St. Ry. Co. v. Shaks,* 139 Ala. 489; *Green v. Sou. States Lumber Co.,* 141 Ala. 680; *Going v. Ala. Steel & Wire Co.,* 141 Ala. 537; *Walter v. A. G. S. Ry. Co.,* 142 Ala. 474.

That the requirement of a policy as to the giving of notice is valid and will be enforced, see 1 Cyc. 274; 1 Am. & Eng. Ency. of Law, 323, and authorities there cited.

KERR & HALEY, for appellee. The demurrer to defendant's first plea was properly sustained.—*Fidelity M. L. Ins. Co. v. Batson,* 136 Ala. 330. The defendant had the benefit of the plea under the fourth plea.—*Insurance Co. v. Copeland,* 86 Ala. 551. The demurrer to defendants second plea was properly sustained.—*Commercial F. I. Co. v. Allen,* 80 Ala. 571. See also authorities supra. Charge No. 2 for plaintiff was properly given by the court.—*George H. Ins. Co. v. Allen,* 128 Ala. 459, and cases there cited.

SIMPSON, J.—This action by the appellee against the appellant is on a policy insuring the plaintiff against disability from sickness, etc. Pleas 1 and 2 were in abatement, plea 3 was the general issue, and plea 4 a special plea reciting a clause in the policy to the effect that the company would not be liable except for sickness or disability commencing after the policy had been in force for 60 days, and that the sickness complained of origi-

nated before the expiration of the 60 days. Demurrers were sustained to pleas 1 and 2, while the demurrer to plea 4 was overruled; and issue was "joined thereupon." We take this expression in the record to mean that thereupon issue was joined—that is, on all of the pleas to which demurrers had not been sustained, to wit, that of the general issue and the special plea set out.

On the request of the plaintiff the court charged the jury as follows, to wit: "The jury are instructed that, if they find from the evidence that the sickness for which the plaintiff claims indemnity was contracted after 60 days from 12 o'clock noon on December 4, 1906, then the plaintiff is entitled to recover in this case." It is insisted that, as issue was joined on the plea of the general issue, this charge is erroneous, because it was not hypothesized on a belief of the evidence as to other facts necessary to make out the plaintiff's case. The plea of "not guilty" was not a proper plea in this case; but, in the absence of a demurrer to it, it will be considered as a plea of the general issue.—*Espalla v. Richard & Sons,* 94 Ala. 159, 10 South. 137. However, as to the point insisted on, the correspondence introduced in evidence shows that the only objection raised to the payment of the policy was that the sickness commenced within 60 days from the date of the policy. That would be a waiver of all other defenses (*Ga. Home Ins. Co. v. Allen,* 128 Ala. 451, 30 South. 537) ; and the entire record shows that that was the only matter litigated. These being the facts, there was no error in the giving of said charge. It left for the determination of the jury the only controverted question in the case.

The judgment of the court is affirmed.

Tyson, C. J., and Haralson and Denson, JJ., concur.