(104 So. 286)

### ALUMINUM COOKING UTENSIL CO. v. KENT. (6 Div. 594.)

(Court of Appeals of Alabama. April 21, 1925.)

**1. Pleading ⟨key⟩115—Plea of not guilty to action for sum due on written contract demurrable.**

A plea of not guilty, although meant to be plea of general issue, to an action to recover sum alleged due on written contract executed by defendant, *held* improper and demurrable.

**2. Guaranty ⟨key⟩6—Contract of guaranty does not require acceptance, where signed by guarantor at plaintiff's request.**

Where contract of guaranty has been signed by guarantor at request of one selling goods to the principal, no further acceptance than compliance with terms of contract need be shown to bind guarantor, and a plea of no acceptance alleging contract was made at request of plaintiff was demurrable.

**3. Guaranty ⟨key⟩92(1)—Plaintiff entitled to recovery on guaranty, where guarantor failed to prove only defense attempted.**

In action to enforce guaranty, where defendant pleaded that he signed contract at request of plaintiff or his agent, but that plaintiff never accepted contract, and attempted no other defense, plaintiff *held* entitled to affirmative charge, under testimony showing that guarantor

signed at request of principal and in absence of proof that latter was acting as plaintiff's agent.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Suit on a contract of guaranty by the Aluminum Cooking Utensil Company against John T. Kent. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Ritter, Wynn & Carmichael, of Birmingham, for appellant.

The contract is one of direct and unconditional guaranty, and no notice of acceptance was necessary to bind the guarantor. W. T. Rawleigh Co. v. Deavours, 209 Ala. 127, 95 So. 460; 28 C. J. 904, 908; 12 R. C. L. 1065; W. T. Rawleigh Medical Co. v. Laursen, 25 N. D. 63, 141 N. W. 64, 48 L. R. A. (N. S.) 198; Saint v. Wheeler Co., 95 Ala. 362, 10 So. 539, 36 Am. St. Rep. 210; Bates v. Starr, 6 Ala. 697; Goldring v. Thompson, 58 Fla. 248, 51 So. 46, 25 L. R. A. (N. S.) 418; Phillips-Boyd Pub. Co. v. McKinnon, 197 Ala. 443, 73 So. 43. Plaintiff was entitled to the affirmative charge; there was failure of proof of the allegations of plea 2. McCleskey v. Howell Cot. Co., 147 Ala. 579, 42 So. 67; B. W. W. Co. v. Vinter, 164 Ala. 490, 51 So. 356.

James Esdale and George Frey, both of Birmingham, for appellee.

The instrument sued on was a mere offer of guaranty, which required acceptance and notice of acceptance in order to make it a binding contract. Fay v. Hall, 25 Ala. 704; Reynolds v. Douglass, 12 Pet. 497, 9 L. Ed. 1171; Davis v. Wells-Fargo, 104 U. S. 159, 26 L. Ed. 686; Davis S. M. Co. v. Richards, 115 U. S. 524, 6 S. Ct. 173, 29 L. Ed. 480; Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36; Birmingham News Co. v. Read, 200 Ala. 655, 77 So. 29; Brandt on Suretyship, § 205.

RICE, J. This was an action by appellant (plaintiff below) against appellee (defendant) to recover a sum alleged to be due on a written contract executed by the defendant on the 3d day of November, 1920. The complaint alleges, in substance, that on the date named, the defendant made a written contract with plaintiff whereby, in consideration of plaintiff's taking into its employ one James N. Pfeiffer, or continuing him in same, he, defendant, agreed "to pay forthwith for all goods ordered by said Pfeiffer from time to time and not paid for by him when due"—defendant's liability not to exceed $500. It is further alleged that plaintiff complied with the terms of said contract, and that there was due and unpaid from said Pfeiffer for merchandise so sold him the sum sued for.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Demurrers were sustained to all pleas filed by defendant except pleas 1 and 2. From the verdict and judgment in favor of the defendant, plaintiff brings this appeal. Appropriate demurrers were interposed to the said pleas 1 and 2, which were overruled by the court trying the case.

[1] In plea one defendant "says that he is not guilty, etc." This, while it purported to be, and was meant to be (no doubt), the "general issue" was not a proper plea in this case. Penn. Casualty Company v. Mitchell, 157 Ala. 589, 48 So. 78.

[2] Plea two averred, in substance, that defendant, at the request of the plaintiff or their authorized agent executed a certain writing (not averred to be the writing made the basis of the suit) which was in the following words and figures:

"To the Aluminum Cooking Utensil Company, East St. Louis, Ill.—Gentlemen: In consideration of the taking into or continuing in your employ, Jas. N. Pfeiffer to be employed from time to time in such' portions of the United States as you shall deem proper, I hereby agree to pay you forthwith for all goods ordered from you from time to·time and not paid for by him when due. My liability is not to exceed five hundred ($500.00) dollars. Yours truly, John T. Kent [Seal], Surety."

And further that said writing was delivered to the agent of the plaintiff, and that he never heard from·the plaintiff again until about the 15th day of July, 1921, at which time he received an itemized statement of account from the plaintiff and charged to said Pfeiffer showing the amount past due, which is made the basis of the suit, etc.

We do·not think the said plea 2 avers sufficiently that the writing set out therein, the failure to acknowledge or accept which, is sought to be interposed as a defense, was the same writing or agreement made the basis of the suit, but whether that is true or not it is our opinion that the plea, as framed, was subject to the demurrers interposed, because the averment that the writing set out was executed at plaintiff's request would obviate, under the authorities cited by both appellee and appellant, the necessity for any acknowledgment or acceptance, on the part of the plaintiff, other than that evidenced by the employment of the said Pfeiffer. To quote from the brief of appellee:

"In the case of Phillips-Boyd Pub. Co. v. McKinnon et al., 197 Ala. 443, 73 So. 43, the court says: When there is a request by the guarantee to the guarantor for guaranty, and the guaranty is made in response to such request, then the contract becomes complete."

We therefore hold that the trial court was in error in overruling the demurrers to plea two.

[3] But the evidence, without dispute, shows that the averments of fact, as to the execution of the writing set out in plea 2, were not sustained. All the testimony is to the effect that defendant signed the said writing at the request of the said Pfeiffer, who is not shown to have been at the time an agent of the appellant in the procuring of same. It is, therefore, apparent·that the plaintiff was entitled to have given at its request the general affirmative charge because of a failure of the proof to sustain the said plea 2—no attempt being made to sustain the plea of the general issue otherwise.

Since the case must be retried it might be well to say that the form of obligation upon which defendant is sought to be held liable is such that in our opinion no notice of its acceptance, other than the performance of its terms on the part of plaintiff, was necessary. Without lengthening our opinion by any extended quotation from same, we observe that the opinion by Mr. Justice McClellan in the case of Saint v. Wheeler & Wilson Mfg.. Co., 95 Ala: 362, 10 So. 539, 36 Am. St. Rep. 210, and by which we are controlled, makes it clear that a writing, such as that made the basis of the present suit, is one that does not require notice of acceptance, but becomes complete and binding on delivery.

The trial court erred in all those rulings not in conformity with this holding.

For the errors indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.