DOUGLASS *vs.* EASON.

[ACTION ON PROMISSORY NOTE, BY TRANSFERREE AGAINST MAKER.]

1. *Burden of proof; failure of consideration of note.*—In an action on an unconditional promissory note, given for professional services to be rendered by the payee as an attorney-at-law, and payable on a day certain, the *onus* is not on the plaintiff to prove performance of the stipulated services, but on the defendant to show a failure of performance; and proof of the fact that the attorney was absent at the first ensuing term of the court in which the cause was pending, and that the cause was compromised by the parties before the next term, without more, does not even tend to establish a failure of consideration.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by James R. Eason, as the transferree of White & Bradford, against Robert Douglass; and was founded on the defendant's promissory note, of which the following is a copy:

"$100. Twelve months after date, I promise to pay White & Bradford one hundred dollars—fee in case of W. P. Shelley & Co. against me, in circuit court of Talladega; and they agree to attend to the case once in the supreme court, if it should go there, without further charge. May 9, 1856.

ROBERT DOUGLASS."

On the trial, as the bill of exceptions shows, after the plaintiff had read his note in evidence, " the defendant offered evidence tending to show, that Alex. White, one of the payees of the note, who was a lawyer of great experience, failed to attend to the cause therein specified, in the circuit court of Talladega ; that he did not attend the fall term of said court, 1859, at all ; that the cause was arbitrated by the parties between that court and the next, and the award made the judgment of the court at its spring term, 1857 ; and that said White was not present at that court. The evidence further tended to show, that said White spoke of having a consultation with the other counsel employed in the case before W. & B. were employed ; but he never did have it, and never did anything in the cause, within the knowledge of the witness. On this state of facts, the court charged the jury, that if the cause was not reached at the fall term, 1856, and was compromised between that and the next spring court, the defendant was not injured by White's absence, and the plaintiff would be entitled to recover the amount of the note, with interest; to which charge the defendant excepted," and he now assigns the same as error.

L. E. PARSONS, for appellant.
JAS. B. MARTIN, contra.

A. J. WALKER, C. J.—When the law casts upon a party the burden of proving a fact, it is to be regarded for the purpose of the trial that the fact does not exist, when there is no evidence conducing to prove it. The plaintiff in this case, by the introduction of the note, established a prima-facie right of recovery. If the defendant sought to assail that prima-facie case, upon the ground that one of the payees was absent when his presence and services were needed, and his absence was injurious to the defendant's interest in his cause, it devolved upon the defendant to show those facts. From proof of the absence of one of the payees of the note at a term when the defendant's cause was not reached, we cannot infer that there was a tendency of evidence to establish that the presence of

such payee was needful when he was away, or that any injury resulted from his absence. From such premises it would be more reasonable to infer, that his presence was not needed, and his absence not injurious. There being no tendency of evidence to establish the fact which the law required the defendant to prove, there was no error in the instruction by the court to the jury, that the fact did not exist. The promise of the defendant, as set forth in his note, was unconditional; and it did not devolve upon the plaintiff to show a compliance on the part of the payees ·with their contract. If they were guilty of any breach of the stipulations which were the consideration for the defendant's promise, it was incumbent upon the defendant to prove it.

Judgment affirmed.