# Deason *v.* Gray, Sheriff, *et al.*

## *False Imprisonment.*

(Decided November 7, 1914.  66 South. 646.)

1. *Bill of Exceptions; Presentation; Signing; Time.*—A bill of exceptions not signed within the time prescribed by Section 3910, Code 1907, will be stricken out on motion.

2. *False Imprisonment; Complaint; Sufficiency.*—A complaint for false imprisonment which follows substantially the form prescribed by the Code, but which contains averments necessary for an action for malicious prosecution, but not necessary to a cause of action for false imprisonment, is good as against a demurrer not pointing out the defect.

3. *Pleading; Demurrer; Pointing Out Defects.*—Under the provisions of Section 5340, Code 1907, defects in a complaint not pointed out by demurrer cannot be considered.

4. *Sheriffs and Constables; Action on Official Bond; Pleading.*—In an action on the sheriff's bond for official misconduct the complaint need not set out the bond, nor any of its conditions, since the bond is statutory, and questions of liability thereon are questions of law.

5. *Same.*—Where the action is on a sheriff's bond for an unlawful arrest and imprisonment by a named deputy sheriff, the complaint need not allege in terms that the sheriff was liable for the illegal and malicious acts of the deputy, as that is a question of law.

6. *Officers; Bonds; Liability of Surety.*—The sureties on the official bonds of public officers are liable for an abuse by the officer or his deputy, acting in an official capacity, and within his authority and such bonds bind the principal and the surety for the use of every person injured in person or property by the wrongful act of the officer or his deputy committed under color of office.

Appeal from Walker Circuit Court.

Heard before Hon. J. J. Curtis.

Action for false imprisonment by S. G. Deason against John M. Gray, as sheriff, and another, on his official bond. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The complaint contained a number of counts, most of which were in Code form, and the facts of which sufficiently appear from the opinion. The judgment

was rendered March 18, 1913, and the bill of exceptions
is indorsed as having been tendered to the trial judge
on June 17, 1913, 91 days after judgment rendered.
Each count of the complaint alleges that the United
States Fidelity and Guaranty Company is surety on
the official bond of said John M. Gray, as sheriff of
Walker county, Ala., and each count alleges either that
the arrest was made by the sheriff, or by a named dep-
uty of the sheriff, without probable cause, and without
a warrant therefor, on the charge of using abusive lan-
guage.

F. A. GAMBLE, for appellant.

RAY & COONER, for appellee.

MAYFIELD, J.—The bill of exceptions in this case
must be stricken on appellees' motion, because not
signed within the time required by law.—Code, § 3019.
The case must be reversed, however, because of rulings
on the pleadings adverse to appellant—the sustaining
of demurrers to several counts of the complaint.

It is difficult to understand upon what theory the trial
court acted in sustaining demurrers to any one of the
counts. They each substantially followed the Code
form (Code 1907, vol. 2, p. 1198, form 19) for false im-
prisonment. The statute not only declares this form
sufficient, but we have always held sufficient pleadings
which substantially follow these forms. Some of these
counts may be insufficient in some respects, but such
defects were not pointed out by the demurrers, and we
can consider only such as are specially assigned.—Code,
§ 5340. The only theory upon which the rulings of the
trial court could be justified would be that the court
treated the complaint and each count thereof as at-

tempting to state a cause of action for malicious pros-
ecution. The counts would be, of course, subject to
some of the grounds of demurrer interposed, if they
sought a recovery for malicious prosecution; but they
were not subject to such grounds as for false imprison-
ment. Some of the counts contained averments appro-
priate to counts for malicious prosecution, but which
were unnecessary in counts for false imprisonment; but
no demurrer or motion was interposed which went to
this defect. Each count stated a cause of action, at
least for nominal damages, as for false imprisonment,
against both the sheriff and his official bondsmen. It
was not necessary to set out the bond, nor any of its
conditions. The statutes prescribe these; and if the of-
ficial bond was not such as the statutes prescribe, or if
the defendant was not really surety on the sheriff's
bond, this was matter for special plea. The action was
against the sheriff and the guaranty company, and it
was alleged in each count that the guaranty company
was surety on the official bond of the sheriff. The law
says what the conditions are, and for what acts or
faults or derelictions of the sheriff the surety on his
official bond shall be liable. Hence these were ques-
tions of law, and not of fact, and were not necessary
to be alleged.

For the same reason, most, if not all, of the counts
alleged that the unlawful arrest and imprisonment
charged was had and done by a named deputy of the
sheriff. The law makes the sheriff liable for certain
official acts of the deputy, and for certain acts done
under color of office or within the line and scope of
the deputy's authority; hence it was not necessary to
allege in terms that the sheriff was liable for this al-
leged illegal and malicious act of the deputy. This was

also a question of law, and need not have been alleged
in the pleadings. If the facts alleged in any one of
these counts were true, and on demurrer we must so
treat them, both the defendants were liable because
the law makes each so liable. This court has repeated-
ly decided that sureties on the official bonds of pub-
lic officers, even those of justices of the peace, are lia-
ble for an abuse by the officer, or by his deputy, act-
ing in an official capacity, and within the line and
scope of his authority, in causing the arrest and im-
prisonment of a plaintiff without warrant and with-
out probable cause. This court has also repeatedly de-
cided that the legal effect of such official bonds as the
one involved in this case is to make the bond obliga-
tory on both the principal and the sureties, for the use
of every person who is injured in person or estate by
the wrongful act of the officer, or of his deputy, com-
mitted under color of office.—*Coleman v. Roberts,* 113
Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St.
Rep. 111, and cases cited. The case of *Kelly v. Moore,*
51 Ala. 364, is the leading case on this subject, and it
is there said : " 'Under color of his office,' he arrests and
imprisons the plaintiff. This was a misdemeanor at
common law, and a tort for which an action could have
been maintained against the justice. The sureties on
his official bond would not, at common law, have been
liable for this tort. The malfeasance of their princi-
pal, of which misfeasance could not also be predicated,
was not within the scope of their obligation.—*Govern-
or v. Hancock,* 2 Ala. 728; *McElhaney v. Gilleland,* 30
Ala. 183. This was deemed a defect in the common law,
and to cure it the statute now extends the liability of
sureties on official bonds to injuries from wrongful acts
done by the officer under color of his office, as well as

to the nonperformance or negligent performance of official duty.—R. C. § 169."

Counts very similar to the ones in question were considered and construed by this court in the cases of *Mitchell v. Gambill*, 140 Ala. 545    37 South. 402, *Gambill v. Schmuck*, 131 Ala. 321, 31 South. 604, and *Ragsdale v. Bowles*, 16 Ala. 64; and it was there held that such counts were sufficient as for counts for false imprisonment, or unlawful arrest, though they would not be, as for malicious prosecution. As before stated some of the counts may have been subject to some technical defects; but they were not subject to any one pointed out in the demurrers, and each stated a cause of action, at least for nominal damages. We may add that we can see no possible good to come of having such a great number of counts in a complaint, when the facts are as simple and as few as they are in this case. One count will serve all the purposes that a hundred could; but we cannot say that the error in this case was without injury, because the effect of the rulings of the trial court was to make the plaintiff allege facts not necessary to his recovery for false imprisonment, though they might be as for malicious prosecution.

For these errors, the judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON. C. J., and McCLELLAN and GARDNER, JJ., concur.