# Hereford *v.* Brentz.

### *False Imprisonment.*

(Decided April 8, 1915.  68 South.  350.)

1. *False Imprisonment; Arrest by Deputy; Liability of Sheriff.*—
Where a general deputy of the sheriff, a police officer, with the same
authority to arrest with or without warrant as the sheriff, while
acting within the scope of his authority or under the color of his
office, made an illegal arrest for which he would be liable, the
sheriff was also civilly liable in the same degree, and to the same
extent.

2. *Same; Damages.*—Where the arrest by the general deputy sheriff
was wrongful and malicious, the sheriff might be liable for punitive
or exemplary damages.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Action by A. C. Brentz against F. G. Hereford, for
illegal arrest and false imprisonment. Judgment for
defendant, and, from a new trial granted, defendant
appeals. Affirmed.

Transferred from the Court of Appeals under sec-
tion 6 of Acts 1911, p. 450.

The complaint charges the arrest by C. O. Robinson,
who is alleged to have been the deputy sheriff and act-
ing within the scope of his authority, or under the color
of his office, under the authority of defendant, who is
alleged to be sheriff of Madison county. The appeal
is from an order granting a new trial to plaintiff for
the giving of charge 7. The court instructs the jury,
as matter of law, that the jury could not assess puni-
tive damages or vindicative damages against defendant,
even if they should find that Christo Robinson made the
arrest with malice towards plaintiff.

S. S. PLEASANTS, for appellant.

DOUGLASS L. TAYLOR, and C. L. WATTS, for appellee.

ANDERSON, C. J.—The plaintiff was arrested by a regular deputy of the defendant, who was sheriff, as distinguished from a specially deputized agent of the sheriff for a particular purpose.

In speaking of the power of a regular deputy to bind the sheriff while acting within the line or scope of his authority, it was said by this court, speaking through McCLELLAN, J., in the case of *Rogers v. Carroll,* 111 Ala. 610, 20 South. 602: "His powers, generally speaking, were those of the sheriff himself, and his acts were those of the sheriff. He had the same power to receive and execute all ordinary process as had the sheriff, and his acts or omissions under or in respect of process were the act or omissions of the sheriff. In legal contemplation he and the sheriff were one officer, so far as third persons are concerned, as to all questions of civil responsibility."

(1) The general deputy, like the sheriff, is a peace officer and has the same authority to arrest, with or without warrants; and if the deputy, while acting as such, commits a tort or trespass upon another, for which he would be liable, his chief would also be liable in the same degree and to the same extent, civilly, as the deputy himself.

(2) This being the law, the trial court erred in charging the jury that the defendant could not be liable for punitive or exemplary damages, although the arrest by his deputy was wrongful and malicious; and, as the said trial court committed reversible error in this respect, it properly granted the plaintiff's motion for a new trial, and the judgment in so doing must be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.