# Clark v. Watson.

### Ejectment.

(Decided February 10, 1916.  71 South. 95.)

1. **Time; Computation; Presenting Bill of Exceptions.**—Where the judgment was rendered on March 29th, a presentation of the bill of exceptions to the trial judge on June 28th, was not a presentation within the 90 days, and the bill will be stricken on motion of the appellee.

2. **Judgment; Exceeding Amount Claimed.**—In such cases as detinue and ejectment, where the amount recoverable is liquidated and necessarily increases by mere lapse of time after the suit is filed, the plaintiff may recover the full amount due to the date of the judgment, although a smaller sum is claimed as interest or damages in the complaint.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by D. L. Watson against J. B. Clark.  Judgment for plaintiff, and defendant appeals.  Affirmed.

E. H. HILL, and J. LEE HOLLOWAY, for appellant.  W. O. MULKY, for appellee.

SOMERVILLE, J.—(1) It appears that the bill of exceptions in this record was presented to the trial judge on June 28th, and that the judgment appealed from was rendered on March 29th preceding.  As it was not presented within 90 days, as prescribed by law, it must be stricken on the motion of appellee.  A case involving a similar calculation between March and June will be found in *Deason v. Gray*, 189 Ala. 672, 66 South. 646.

(2) No errors are assigned on the record proper, except it is suggested that as the complaint—which is in ejectment—claims only $100 damages for detention, and the verdict and judgment are for $160, the judgment ought to be now reduced to the amount claimed.  It is, of course, the general rule that a plaintiff cannot recover more than he claims.  But to this rule there is a well-settled exception in such cases as debt, detinue, and ejectment, where the amount recoverable is liquidated and necessarily increases by mere lapse of time after the suit is filed,

which allows the plaintiff to recover the full amount due to the date of the judgment, although a smaller sum is claimed as in- terest or damages in the complaint.—*McWhorter v. Standifer*, 2 Port. 519; *Elliott v. Smith*, 1 Ala. 74; *Bumpass v. Webb*, 3 Ala. 113; *Pool v. Devers*, 30 Ala. 672.

Under this exception, the complaint in this case supports the verdict and judgment, and, no error being apparent, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.