(80 South. 143)

## ILLINOIS CENT. R. CO. v. NANCE.
### (8 Div. 454.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. JUDGMENT ☞234 — CODEFENDANTS—STATUTE.

In action for damage to goods, where carrier to which goods were delivered for shipment and connecting carrier were joined as defendants, the court, under the express provisions of Code 1907, § 5548, on finding one carrier negligent and the other not negligent, could render judgment against former, and render judgment in favor of the latter.

2. EVIDENCE ☞353(1)—FREIGHT BILL.

In action for damage to shipment of goods, the freight bill, which contained notations made by the delivery agent of damage done to the shipment of goods in transit, was admissible in evidence, where sufficiently identified.

3. DISCOVERY ☞69—INTERROGATORIES—NON-RESPONSIVE ANSWERS.

Under Code 1907, § 4054, it was proper for court upon motion to exclude voluntary answers made in response to interrogatories which were not responsive.

4. DISCOVERY ☞79 — INTERROGATORIES—UN-RESPONSIVE ANSWERS.

Where answers to some of the interrogatories were stricken, under Code 1907, § 4054, because not responsive, it was proper to allow remainder of depositions to be read in evidence.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by E. C. Nance, revived in the name of Mrs. Frances Nance, as administratrix, against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The second and third assignments of errors complain that the court erred in allowing plaintiff to read in evidence part of the answer to interrogatories propounded to defendant, and in refusing to allow the entire answers to be read, and in granting the motion to plaintiff to exclude part of the answers to such interrogatories. Appellant cites as authority for his contention B. R., L. & P. Co. v. Oden, 164 Ala. 1, 51 South. 240, and So. Ry. Co. v. Hubbard, 116 Ala. 387, 22 South. 541.

W. H. Key, of Russellville, for appellant.
Travis Williams, of Russellville, for appellee.

BRICKEN, J. This is an action for damages to a shipment of household goods or furniture which was shipped by E. C. Nance from Jackson, Tenn., to Russellville, Ala., over the Illinois Central Railroad Company's (appellant) road, and over the Northern Alabama Railway. Pending the trial, the plaintiff died, and the cause was revived in the name of Mrs. Frances Nance as administratrix.

The case was tried (by the court without a jury) on the general issue and several special pleas filed by the defendants. Judgment was rendered in favor of the administratrix against the Illinois Central Railroad Company, appellant, and in favor of the defendant, Northern Alabama Railway Company.

[1] The assignment of error predicated upon the action of the court in rendering judgment against the offending defendant company, and rendering judgment in favor of the innocent defendant company, is without merit, as the court had full and complete authority to render such judgment. Code 1907, § 5548. The manifest purpose of this statute is to prevent the shifting of responsibility of carriers when sued separately by charging the loss or injury to some one or more of the others participating in the movement of the freight, and for this reason the statute authorizes all such carriers to be jointly sued. It expressly provides, however, that:

"If the proof shows on the trial that there was no joint liability of the defendants, but the evidence shows the plaintiff is entitled to recover against one or more of such defendants, judgment shall be rendered accordingly against such defendant or defendants, as the court or jury trying the case may ascertain to be liable, and such defendant as was not liable shall be discharged with recovery of his costs."

[2] There was no error in the ruling of the court in admitting the freight bill which contained notations made by the delivery agent, of damages done to the shipment of goods in transit. This freight bill was sufficiently identified, and was therefore properly admitted.

[3, 4] The remaining assignments of error 2 and 3 are without merit, and the cases cited in appellant's brief are not in point, and do not sustain appellant in its insistence of error. It is clearly apparent that the answer in the interrogatories which the court excluded was not responsive to any interrogatory propounded, but was a voluntary statement of the witness. It was therefore proper, upon motion, for the court to exclude the voluntary statements made in answer to interrogatories which are not responsive. Code 1907, § 4054. Nor was there error in allowing what remained thereafter of the depositions to be read in evidence by the plaintiff. First National Bank of Tuscaloosa v. Leland, 122 Ala. 289–294, 25 South. 195.

We find no error in the ruling of the lower court, and the judgment therein is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes