(108 So. 514)

**NATIONAL SURETY CO. et al. v. PLEMMONS. (8 Div. 850.)**

(Supreme Court of Alabama. April 22, 1926. Rehearing Denied May 20, 1926.)

**1. Sheriffs and constables ⚖️166.**

Sheriff's surety may be joined in trespass count against principal for wrongful attachment.

**2. Appeal and error ⚖️739.**

Where many given or refused charges are grouped in one assignment of error, and one charge was properly given or refused, reversal may not be had.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by Lillian M. Plemmons against the National Surety Company, J. V. May, and the New Morgan County Building & Loan Association. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

E. W. Godbey, of Decatur, for appellants.

Trespass was not the appropriate action against the defendant surety company. Pollard v. Pollard, 207 Ala. 270, 92 So. 488; Wilson v. Young, 58 Ark. 593, 25 S. W. 870; Ghiradelli v. Bourland, 32 Cal. 585; Ballew v. Andrus, 10 La. 216.

Sample & Kilpatrick, of Hartselle, for appellee.

The surety company is liable for the wrongful levy. Lammon v. Feusier, 111 U. S. 17, 4 S. Ct. 286, 28 L. Ed. 337; Hill v. Ragland, 114 Ky. 209, 70 S. W. 634; Treasurer of City of Boston v. Schapero, 217 Mass. 71, 104 N. E. 440, Ann. Cas. 1915D, 399; 23 Stand. Enc. Proc. 896. Where several charges are argued together, if one is good, nothing can be taken by the assignment. Globe & Rutgers v. Jones, 213 Ala. 656, 106 So. 172. Other questions are decided adversely to appellants on former appeal. New Morgan County B. & L. Ass'n v. Plemmons, 210 Ala. 16, 97 So. 46.

ANDERSON, C. J. [1] This case went to the jury on count 2 alone and, after sustaining defendants' motion to strike the nonrecoverable damages and much redundant and immaterial matter, it was a simple count in trespass for taking the plaintiff's goods or furniture. True, there is no specific averment that the surety company directed or participated in the trespass, yet it seems to be stare decisis that the surety may be joined in a trespass count against the principal, this upon the idea that the statute makes the bondsmen liable for said trespass. Deason v. Gray, 192 Ala. 611, 69 So. 15. This holding strikes the writer as rather anomalous, as the liability of the bondsmen is contractual, and especially since we have held that the surety on an official bond is not liable for punitive damages (Phillips v. Morrow, 210 Ala. 34, 97 So. 130), but, as the question has been settled, I yield to the former decisions. Count 2 was not subject to defendants' demurrer.

We have examined each assignment of error as to the rulings upon the evidence, and find that the trial court committed no reversible error in this respect, and, as they involve questions of such an elementary character, a discussion of same can serve no good purpose.

[2] The defendants' refused charges, 68 in number, have been grouped in a single assignment of error, and in order to work a reversal all of said charges must be good. It is sufficient to say that charge 29 was properly refused. See opinion on former appeal, 210 Ala. 16, 97 So. 46.

The appellant has also grouped the plaintiff's given charges in one assignment of error, and it is sufficient to say that the charge which we number 1 was properly given, as it contains matter curing the defect as to a similar charge condemned upon the former appeal.

Under the long-established rule laid down in Cobb v. Malone, 92 Ala. 630, 9 So. 738, we cannot put the trial court in error for refusing the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

**On Rehearing.**

ANDERSON, C. J. In stating the case in in the opinion, it was said the case "went to the jury on count 2 alone." This seems to have been inaccurate, as count 1 was never eliminated, but was evidently overlooked, as no attack was made upon it by motion to strike or demurrer and, as counts 3 and 4, or A and B, were stricken out, we naturally assumed that the trial was had on remaining count 2. It is sufficient to say, however, that this oversight can in no way prejudice the appellant, as count 1 was substantially the same as count 2 with the superfluous and redundant matter stricken therefrom.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

After a reconsideration of this cause upon rehearing, we are still of the opinion that the trial court committed no reversible error, and the motion is overruled.