(121 So. 510)

**HILL v. HYDE et al. (8 Div. 81.)**

Supreme Court of Alabama. March 28, 1929.

Street, Bradford & Street, of Guntersville, for appellant.

J. A. Lusk, of Guntersville, for appellees.

BROWN, J. The complaint consists of a single count declaring "for the breach of the condition of a bond made by the defendant Isaac Balus Hyde and the Fidelity & Deposit Company of Maryland as surety, on the 13th day of November, 1926, *payable to the plaintiff* in the sum of ten thousand dollars, with the condition," etc., and is in assumpsit. The general issue in an action of assumpsit is: "An averment that the allegations of the complaint are untrue," and the plea of "not guilty" is not an appropriate plea in such action. Behrman v. Newton, 103 Ala. 529, 15 So. 838; Montgomery Furniture Co. v. Hardaway et al., 104 Ala. 100, 16 So. 29; Espalla v. Richard, 94 Ala. 159, 10 So. 137; Pennsylvania Casualty Co. v. Mitchell, 157 Ala. 589, 48 So. 78.

 Where, as here, the suit is on a written instrument alleged to have been executed by the defendants to the plaintiff, the execution of the paper is not a fact which the plaintiff was required to prove in order to recover, in the absence of a special plea of non est factum, and the general issue imposed no such

burden on the plaintiff. Louisville & Nashville R. Co. v. Trammell, 93 Ala. 350, 9 So. 870; Mayor and Council of City of Decatur v. White, 109 Ala. 389, 19 So. 428; Code of 1923, § 9470.

While the plea of not guilty was irrelevant, not being an appropriate plea in an action of assumpsit, it was in the form prescribed by the Code, and as a plea of not guilty was not defective in substance, and the fact that it was irrelevant did not render it subject to demurrer. Code, §§ 9479, 9532, form 37.

In such case motion to strike is the appropriate method of ridding the record of such plea. Code of 1923, § 9458; Cunyus v. Guenther, 96 Ala. 564, 11 So. 649; Brooks v. Continental Ins. Co., 125 Ala. 615, 29 So. 13.

It clearly appears that the court treated the plea of not guilty as the general issue, and as such it imposed the burden on the plaintiff of proving the existence of the bond sued on and the alleged breach, but not its execution. This proof was essential to plaintiff's right to recover, and, inasmuch as the bond was not offered in evidence, any error in the rulings of the court on the special pleas or on objections to the evidence were clearly without injury. Cross v. Esslinger, 133 Ala. 409, 32 So. 10; Lehman Bros. v. McQueen, 65 Ala. 570; Douglass v. Eason, 36 Ala. 687.

There is nothing in the pleadings or proof going to show that the bond sued on was delivered and acted upon as an official bond of the sheriff, so as to bring it within the influence of sections 2613, 2614, of the Code of 1923, and we do not hold that a suit against the sheriff and his sureties for false imprisonment is assumpsit; on the contrary such action would be in trespass. Rich v. McInery, 103 Ala. 345, 15 So. 663, 49 Am. St. Rep. 32; Davis v. Sanders, 133 Ala. 275, 32 So. 499. But that is not the case presented on the record.

We discover no reversible error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.