## HOLLAND v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.

### 4 Div. 681.

Supreme Court of Alabama.

Dec. 22, 1932.

670

O. S. Lewis, of Dothan, and R. S. Ward, of Hartford, for appellant.

Mulkey & Mulkey, of Geneva, for appellees.

FOSTER, J.

This is an action against the sheriff and the surety on his official bond for damages caused by a trespass upon the person of plaintiff committed by two alleged deputy sheriffs under color of their office as such and in the line and scope of their authority. The trespass is alleged to have been that they shot plaintiff with a pistol, causing the personal injuries and damages sued for.

The pleas were the general issue and statute of limitations of one year. The trespass is alleged to have been committed more than one year before the suit was commenced.

The court overruled the demurrer to the plea of the statute of limitations. This appeal is by plaintiff to test that ruling; having been thereby caused to take a nonsuit for that purpose.

The complaint is not in assumpsit for a breach of the obligations of the bond. It is in form a tort action. This court has often affirmed that such form of action is available under such circumstances, though the surety on the bond is jointly sued, and is liable by virtue of its contract. Hill v. Hyde, 219 Ala. 155, 121 So. 510; National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514; Deason v. Gray, 192 Ala. 611, 69 So. 15. Under our recent decisions, punitive damages may not be recovered. Hain v. Gaddy, 219 Ala. 363, 122 So. 329; Phillips v. Morrow, 210 Ala. 34, 97 So. 130. The substance of the allegation, and not its form, determines the character of a complaint. Code, §§ 9457, 9512.

Case is barred in one year, Code, § 8949; trespass in six, Code, § 8944.

■ The inquiry presented therefore is whether the action is in case or trespass. The rule is that, when an agent commits a trespass when acting in the line and scope of his authority, but not authorized by the principal to commit the trespass, the agent is liable in an action of trespass and the principal in case, but that a joint action against them is not available. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Louisville & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Ex parte Louisville & N. R. Co., 203 Ala. 328, 83 So. 52.

This rule would control in the instant case if the liability of the sheriff for the acts of the deputies were dependent upon the ordinary principles pertaining to principal and agent or master and servant on the doctrine of respondeat superior. So the question is whether they apply in respect to a sheriff and his deputies, acting under color of the office of sheriff. It seems to be well settled that a different rule obtains. The distinction is variously expressed but leading to the same result. In Hereford v. Brentz, 192 Ala. 465, 68 So. 350, quoting from Rogers v. Carroll, 111 Ala. 610, 20 So. 602, that "In legal contemplation he (the deputy) and the sheriff were one officer, so far as third persons were concerned, as to all questions of civil responsibility," it was held that an action in trespass will lie against the sheriff for a trespass committed by his deputy.

In King v. Gray, 189 Ala. 686, 66 So. 643, an action in trespass against the sheriff for a trespass by the deputy is justified on the authority of Prewitt v. Neal, Minor, 386, in which it is said that an action of trespass vi et armis is the proper action against a sheriff for a trespass committed by his deputy under color of office. Stephens v. Head, 138 Ala. 455 (7), 35 So. 565; McGee v. Eastis, 3 Stew. 307.

Indeed, such conception of the law seems to be general throughout the country, as appears in notes to 1 A. L. R. 236, and 35 Cyc. 1618. It is sometimes said that for such purpose, the deputy is the alter ego of the sheriff. Chambers v. Anderson (C. C. A.) 58 F.(2d) 151, 153. Though a different rule obtains when the trespass was committed by a certain sort of office assistant or clerk. Langis v. Byrne, 222 Ala. 183, 131 So. 444; State v. Kolb, 201 Ala. 439, 78 So. 817, 1 A. L. R. 218; Central R. & Banking Co. v. Lampley, 76 Ala. 357, 52 Am. Rep. 334.

■■ The complaint alleges the commission of acts done by the deputies under color of their office, which constitute a trespass vi et armis. It therefore shows that the sheriff is liable in an action of trespass. The facts alleged are sufficient thus to characterize the complaint. So construed, it is not barred in one year, and we think that the demurrer was improperly overruled. Ex parte Louisville & N. R. Co., supra.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.