157 So. 205

## SHELL v. PITTMAN et al.
### 6 Div. 195.

Supreme Court of Alabama.
Oct. 11, 1934.

Rehearing Denied Nov. 8, 1934.

R. D. Coffman and W. A. Denson, both of Birmingham, for appellant.

H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellees.

GARDNER, Justice.

The pivotal question on this appeal relates to the action of the trial court in giving the affirmative charge in favor of the defendant United States Fidelity & Guaranty Company on its pleas in abatement. This defendant was surety on the official bond of its codefendant, G. W. Pittman, deputy sheriff, and

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

these pleas rest upon plaintiff's former suit for the recovery of damages growing out of plaintiff's arrest and imprisonment by said deputy, and in which a judgment was recovered on a complaint which had been amended by elimination of all counts except count E charging assault and battery.

While the two suits arose from plaintiff's arrest and imprisonment, yet the causes of action stated therein were not the same. Illustrative is the first count of the present complaint claiming damages for malicious prosecution of plaintiff on a charge of assault and battery, while in the former suit the malicious prosecution count was based upon plaintiff's arrest on a charge of public drunkenness, and the proof shows the two charges were separate and distinct on the court's docket. Manifestly, they are entirely distinct causes of action.

Nor does this defendant insist to the contrary, but rests the sufficiency of its pleas upon the theory that both the present and former actions are ex contractu, for breach of a contract, and that as such several breaches occurred prior to the first suit all should have been embraced therein as stipulated in section 5721, Code 1923, citing McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230; Callan v. Anderson, 131 Ala. 228, 31 So. 427; House v. Donnelly, 7 Ala. App. 267, 61 So. 18.

But as we view the case, the fallacy of defendant's reasoning lies in the assumption that the action is ex contractu. True, the case of Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794, contains an expression arguendo, and unnecessary to a decision of the cause, which gives color to defendant's theory, and the question then being considered bore no relation to the instant case. The writer of the opinion in the Webster Case, supra, also wrote for the court in Deason v. Gray, 192 Ala. 611, 69 So. 15, wherein a somewhat similar expression found in Murphy v. McAdory, 183 Ala. 209, 62 So. 706, was fully explained, and wherein it was pointed out there was no intention of the court to hold that sureties on official bonds must be sued in actions ex contractu. And upon the authority on former appeal (Deason v. Gray, 189 Ala. 672, 66 So. 646), it was held that the action in tort against both the principal and surety was proper. And in National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514,

the question was said to be "stare decisis that the surety may be joined in a trespass count against the principal * * * upon the idea that the statute makes the bondsmen liable for said trespass." The pertinent statute referred to is section 2612, Michie's Code, 1928, where many authorities are cited in the note, including Kelly v. Moore, 51 Ala. 364, where the statute seems to have been in this respect first construed, and the reasoning given underlying its enactment. See, also, Barrett v. Gilbert, 227 Ala. 94, 148 So. 801, upholding the sufficiency of count 2, which was in tort against the official and his surety, similar in all material respects to the complaint in tort against the principal and surety considered in Holland v. Fidelity & Deposit Co. of Maryland, 225 Ala. 669, 145 So. 131.

In Hill v. Hyde, 219 Ala. 155, 121 So. 510, it did not appear that an official bond was involved, but in conclusion of the opinion it was pointed out that if in fact such was the case, an action in tort jointly against the principal and surety was permissible. See, also, Ingram v. Evans, 227 Ala. 14, 148 So. 593. But the question is settled by the decisions above noted, and needs no further discussion.

The complaint in the instant case is neither in form nor substance ex contractu, but states an action in tort against the defendants jointly. The question of its sufficiency against any apt ground of demurrer is not here presented, and, of course, needs no consideration.

Neither defendants' pleas nor the proof offered thereunder suffice to show that plaintiff was prosecuting two actions at the same time and for the same cause (section 5657, Code 1923), and the action is in tort and not on a contract. The provisions of sections 5706 and 5721, Code 1923, upon which defendants rely are without application.

The assignments of error are numerous, and call for no separate treatment. Suffice it to say (leaving aside all other assignments of error), the pleas in abatement were not sustained, and the court committed reversible error in giving the affirmative charge in favor of the surety defendant.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.