171 So. 916

CULVERHOUSE v. NATIONAL SURETY CORPORATION.

4 Div. 268.

Court of Appeals of Alabama.

Jan. 12, 1937.

J. N. Mullins, of Dothan, for appellant.

W. L. Lee, of Dothan, for appellee.

SAMFORD, Judge.

John C. Weeks was sheriff of Dale county and as such executed an official bond as required by law with this defendant, National Surety Corporation, as surety. J. T. Weeks was the son of John C. Weeks and his regularly appointed deputy sheriff.

For and on account of an assault and battery committed by John C. and J. T. Weeks on plaintiff on or about October 23, 1933, the plaintiff brings this suit against the defendant as surety on the official bond of John C. Weeks as sheriff.

There are many exceptions reserved on the trial and appearing in the record before us, but none of these are to be considered on this appeal by reason of the fact that the only assignment of error is the action of the court in giving, at the request of the defendant, the general affirmative charge as requested in writing.

The question here presented depends upon the inquiry as to whether or not the sheriff and his deputy were acting within the line and scope of their authority in making the assault upon plaintiff within the contemplation of the obligations of the indemnity bond executed by this defendant.

The legal effect of the official bond in this case binds the principal and sureties thereon: (1) For every breach of the condition during the time the officer continues in office, or discharges any of the duties thereof. (2) For the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein. (3) For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by the failure to perform or the improper or neglectful performance of those duties imposed by law. (4) The words, "For the use and benefit of every person injured," as used in subdivision 3, shall include all persons having a direct and proximate interest in the official act or omission, and all persons connected with such official act or omission by estate or interest. American Surety Co. of New York v. First National Bank of Montgomery, 203 Ala. 179, 82 So. 429.

It is generally held and accepted to be the law that liability on an official bond arises only with reference to acts of the officer which pertain to some function or duty which the law imposes upon his office. Sureties are not liable for a purely personal act of an officer not done as a part of or in connection with his official duties. Where, though an officer, he commits an assault or a trespass not connected with the execution of legal process, nor with the legal functions of his office, his surety could not be liable by reason of the bond. 46 Corpus Juris, 1068 (399) 4.

The evidence in this case has been read and reread and in no part of it do we find any evidence tending to prove that the sheriff and his deputy were acting in their official capacities at the time of the assault upon plaintiff. They had no process to be executed, nor were they attempting to make an arrest of the plaintiff at the time of the assault. It appears to have been a personal matter between the sheriff and his deputy on the one part and the plaintiff on the other, and for that reason the court properly gave the affirmative charge at the request of the defendant.

We find no error in the record and the judgment is affirmed.

Affirmed.