200 So. 623

**LEATH et al. v. SMITH.**

**6 Div. 704.**

Supreme Court of Alabama.

Feb. 27, 1941.

Beddow, Ray & Jones, of Birmingham, for appellee.

Motley & Motley, of Gadsden, and Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellants.

LIVINGSTON, Justice.

This is an action against the sheriff and the surety on his official bond for damages caused by a trespass upon the person of the plaintiff committed by a deputy sheriff under color of his office as such and in the line and scope of his authority.

The complaint contains one count and is in form a tort action. This form of action is available under such circumstances, though the surety on the bond is sued jointly, and is liable by virtue of its contract. Hill v. Hyde, 219 Ala. 155, 121 So. 510; National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514; Deason v. Gray, 192 Ala. 611, 69 So. 15; Holland v. Fidelity & Deposit Co. of Maryland, 225 Ala. 669, 145 So. 131.

The one amended count of the complaint is in the following words and figures:

"The plaintiff claims of the defendant the sum of Ten Thousand ($10,000) Dollars as damages, for that on to-wit the 6th day of December, 1937, R. A. Leath was Sheriff of Etowah County, Alabama and Standard Accident Insurance Company was surety upon his official bond in the penal sum of Ten Thousand ($10,000) Dollars; and plaintiff further avers that on to-wit the 6th day of December, 1937, a duly authorized Deputy Sheriff one P. H. Handy, duly appointed by the said R. A. Leath, while acting in line with and within the scope of his employment as Deputy Sheriff while attempting to arrest and take the plaintiff into his custody as Deputy Sheriff of said County did wrongfully shoot this plaintiff through the right arm and immediately below the shoulder, thereby proximately causing this plaintiff to suffer the following injuries and damages:

"The plaintiff was temporarily disabled; plaintiff was permanently disabled; plaintiff was made sick, sore and lame for a long time; plaintiff incurred much and great expense for the services of physicians, surgeons, hospitals, drugs, medicines and bandages necessary in and about the treatment of his aforesaid injuries; plaintiff lost much time from his usual gainful occupation; plaintiff was caused to suffer much and great physical pain and anguish; plaintiff was caused to suffer much and great mental pain and anguish."

Ordinarily when an agent commits a trespass when acting in the line and scope of his authority, but not authorized by his principal to commit the trespass, the agent is liable in an action of trespass and the principal in case, but that a joint action against them is not available. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Louisville & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Ex parte Louisville & N. R. Co., 203 Ala. 328, 83 So. 52; Holland v. Fidelity & Deposit Co. of Maryland, supra.

On the other hand, it is now well settled that a different rule obtains in respect to a sheriff and his deputies. The distinction is variously expressed but leading to the same result. In Hereford v. Brentz, 192 Ala. 465, 68 So. 350, 351: quoting from Rogers v. Carroll, 111 Ala. 610, 20 So. 602, that "in legal contemplation he [the deputy] and the sheriff were one officer, so far as third persons are concerned, as to all questions of civil responsibility," it was held that an action of trespass will lie against the sheriff for a trespass committed by his deputy. Holland v. Fidelity & Deposit Co. of Maryland, supra.

Appellants insist that the one count in the complaint is defective in not alleging that the deputy was "acting under color of the office." True, the count does not use the words, "acting under color of office," but it does allege that "a duly authorized deputy sheriff one P. H. Handy, duly appointed by the said R. A. Leath, while acting in line with and within the scope of his employment as deputy sheriff, while attempting to arrest and take the plaintiff into his custody as deputy sheriff of said county did wrongfully shoot this plaintiff through the right arm, etc." These allegations are sufficient. Holland v. Fidelity & Deposit Co. of Maryland, supra. Indeed, the quo modo, from which the conclusion arose that the deputy was acting under color of office, is alleged. The case of Giles v. Parker, 230 Ala. 119, 159 So. 826, is not in conflict with this holding. The Giles case was brought under the homicide statute, and in such case a different rule obtains. There was no error in overruling defendants' demurrers to plaintiff's complaint.

The venue of this action was properly laid in Jefferson County under Section 10471 of the Code of 1923, and a branch summons properly issued to R. A. Leath under Section 9418, Code of 1923.

Assignments of error Nos. 23 and 24 relate to the action of the court in denying to the appellants the right to question the jurors on their voir dire concerning their membership in the industrial organization commonly known as C. I. O. The rule in this state is that, the extent of the examination of prospective jurors upon their voir dire rests in the sound discretion of the trial court. We cannot say that the

trial court has abused its discretion in declining the examination in this case. Rose v. Magro, 220 Ala. 120, 124 So. 296.

The plaintiff, under the provisions of Section 7764 et seq., Code of 1923, filed interrogatories to the defendants. The answers to some of the interrogatories contained patently illegal and not responsive testimony, and there was no error in striking this illegal evidence, nor in allowing what remained thereafter of the depositions to be read in evidence by the plaintiff. First Nat. Bank of Tuscaloosa v. Leland, 122 Ala. 289, 25 So. 195; Illinois Central R. Co. v. Nance, 16 Ala.App. 569, 80 So. 143.

The evidence was conflicting on the issues involved and the trial court was not in error in refusing to the defendants separately and collectively the general charge requested in writing.

We have carefully examined each written charge refused to the defendants, and find no reversible error. The charges were either erroneous or were covered by the court's oral charge. Section 9509, Code of 1923.

Likewise, we have examined separately and severally the assignments of error based on the trial court's ruling on the admission and rejection of evidence. Suffice it to say, we find no error in these assignments.

Nor can we say that the verdict is excessive.

Finding no reversible error, the judgment of the circuit court is affirmed.

Affirmed

GARDNER, C. J., BOULDIN and FOSTER, JJ., concur.