47 So.2d 266

**BULL v. ALBRIGHT et al.**

**6 Div. 56.**

Supreme Court of Alabama.

June 22, 1950.

Weaver & Johnson, of Haleyville, for appellant.

J. A. Posey and Robt. Burleson, of Haleyville, for appellees.

FOSTER, Justice.

This appeal is to review the ruling of the circuit court at law sustaining demurrer to the complaint.

The complaint is in two counts by appellant, as plaintiff, against Albright, individually and as mayor of the City of Haleyville, and Fidelity and Casualty Company of New York.

The demurrer was by each defendant, separately and severally, and to each count of the complaint, separately and severally. The assignments of error are separately addressed to the judgment insofar as it sustains the demurrer of each defendant separately to each count. They both allege that Albright, acting under color of his office as mayor of the City of Haleyville, Alabama, acted maliciously and without probable cause therefor.

In count one it is alleged that he signed or caused to be signed a carte blanche search warrant and jurat on a carte blanche affidavit for search warrant. That certain named police officers of Haleyville filled out the blank spaces in said carte blanche affidavit for search warrant and carte blanche search warrant and signed the same so as to create what purported to be an affidavit and warrant for the search of the premises of plaintiff. It then alleges that the search was made and no contraband was found. It also alleges that Albright did not know whose premises were to be searched or when it was to be done. That his conduct was malicious and was a misfeasance and mal-

feasance in office and a breach of the conditions of his bond. Plaintiff claims compensatory damages, exemplary damages, punitive damages and vindictive damages. The count alleges that defendant Fidelity and Casualty Company of New York "is surety on the official bond of defendant Albright as such mayor, in the sum of $1,-000.00, and as such surety is liable to the plaintiff for the said sum of $1,000.00, which plaintiff claims of said Fidelity and Casualty Company of New York, a corporation, as a part of the total amount claimed."

The second count contains the allegations, not in the first, that Albright "issued or caused to be issued a purported search warrant to search the person or premises of the plaintiff J. C. Bull for alleged prohibited liquors or beverages. That defendant V. H. Albright, acting under color of his office as such mayor, signed or caused his name to be signed, on the blank space provided for his signature as such official, a blank search warrant; he also signed or caused his name to be signed, under color of his office as such mayor, in the blank space provided for his signature as such official, the jurat of a blank affidavit for search warrant. On, to-wit, August 13, 1949, (certain named) police officers of the City of Haleyville, or some one else acting in their names and behalf, filled out and signed said blank affidavit for search warrant and also filled out the blank search warrant form, so as to create what purported to be an affidavit and search warrant for the search of the person or premises of the plaintiff, J. C. Bull." It is also alleged that Albright gave said law enforcement officers a carte blanche search warrant form and carte blanche form of affidavit for search warrant, both signed by him as such mayor. At that time he did not know or have any idea as to whose dwelling, premises or person was to be searched. This count also contains the same claim for damages as in count one, and the same allegations as to the Fidelity and Casualty Company of New York.

We will here state some legal principles which seem to be pertinent. We assume that the mayor was acting as recorder under authority of section 600, Title 37, Code 1940. He was a judicial officer in issuing a search warrant, and has the power and jurisdiction of a justice of the peace in criminal matters. Section 585, Title 37, Code 1940. He therefore had the power to issue search warrants under sections 99 et seq., Title 15, Code 1940. In doing so, he acted judicially. But when he certified to matters over which he had not acquired jurisdiction, it did not become a judicial act when his power is statutory and limited. Such act, though purporting to be judicial, is void on collateral attack and subjects the officer to suit for damages. McLendon v. American Freehold Land & Mortgage Co., 119 Ala. 518, 24 So. 721; Crosthwait v. Pitts, 139 Ala. 421, 36 So. 83.

As we have stated, it is necessary to consider separately the demurrer of the defendant Albright, both as an individual and as mayor of the City of Haleyville, on the one hand, and the Fidelity and Casualty Company of New York on the other. We will first consider the demurrer of Albright in each capacity. Each count alleges he was acting under color of his office as mayor of the City of Haleyville and that he signed a carte blanche search warrant and jurat on a carte blanche affidavit for the same. Count one does not allege that he did anything with it further than to sign it. So far as that count is concerned, he may have kept it in some private place and the city officers have found it and filled it out and acted upon it. Therefore, count one is subject to demurrer by Albright in each capacity.

In count two the allegation is made that he issued or caused to be issued such purported search warrant signed by him carte blanche, both as to the warrant and to the affidavit. It shows that he not only signed said blank forms but delivered them to the city officers. It is also alleged that there was no direction given as to filling out the blanks, that Albright did not know or have any idea that they were to be filled out for the search of plaintiff's premises, and that they were so filled out by the city police officers and served as apparent authority to them to make a search of plaintiff's premises. It therefore alleges that the

32

said Albright purported to perform a judicial act, but did not exercise it as such because he did not comply with the conditions necessary to judicial action. No one appeared before him and made the affidavit and, therefore, his act was void and subjected him to a suit for damages for acting under warrant of his office. The authorities cited above are Crosthwait v. Pitts and McLendon v. American Freehold Land & Mortgage Co., and fully support that theory.

 It is also noted that the suit is against the Fidelity and Casualty Company of New York, as surety on his official bond, and that company separately demurred to each count of the complaint. The complaint claims $5,000.00 against Albright and $1,000.00 against the surety, which is the penalty of the bond. In a suit against two defendants jointly it is not available to have a judgment for a different amount against different defendants. City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276. It is doubtful if that question is raised on this appeal.

But the suit in its present form on the bond can only be sustained by virtue of section 50, Title 41, Code 1940. National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514; Shell v. Pittman, 229 Ala. 380, 157 So. 205. There is no description in the complaint of the bond; who is the payee, or its conditions. That statute only applies to such official bonds as are required or authorized by law to be given. There is no such authority for the execution by the mayor of the City of Haleyville of an official bond. Sections 34 and 415, Title 37 Code 1940, do not seem to apply. It is therefore only a common law undertaking and suit on it must be based accordingly. Ingram v. Evans, 227 Ala. 14, 148 So. 593; Calhoun v. Lunsford, 4 Port. 345; 46 Corpus Juris 1076, note 42; 43 Am.Jur. 206, note 11; Howard v. United States, 184 U.S. 676, 22 S.Ct. 543, 46 L.Ed. 754.

This suit is one in tort and not on contract. The sureties on an official bond are not liable for punitive damages. Walker v. Graham, 233 Ala. 539, 172 So. 655; Holland v. Fidelity & Deposit Co., 225 Ala.

669, 145 So. 131; Hain v. Gaddy, 219 Ala. 363, 122 So. 329.

The complaint does not show that the bond was conditioned as required by section 51, Title 41, Code 1940, or that the mayor of Haleyville was required by law to give a bond and acted under the bond. Section 52, Title 41, Code 1940. The surety in the instant case was therefore improperly joined in this action. Hill v. Hyde, 219 Ala. 155, 121 So. 510.

The demurrer of the Fidelity and Casualty Company of New York to both counts of the complaint was properly sustained.

The demurrer of defendant Albright, individually and as mayor of Haleyville, to count one of the complaint was properly sustained, but such demurrer to count two should have been overruled.

For the error in sustaining the demurrer of Albright, individually and as mayor of Haleyville, to count two of the complaint, the judgment of non-suit is set aside and the cause restored to the docket as one against Albright, individually and as mayor of Haleyville, on count two.

Reversed and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.