51 So.2d 511

**HARWELL, Sheriff, et al. v. MORRIS.**

**6 Div. 116.**

Supreme Court of Alabama.

March 22, 1951.

Griffin, Ford, Caldwell & Ford, of Huntsville, and Davies & Williams, of Birmingham, for appellants.

Taylor, Higgins, Windham & Perdue, of Birmingham, for appellee.

SIMPSON, Justice.

This suit is for damages against Sheriff Harwell, of Madison County, and the surety on his official bond for the alleged wrongful shooting of plaintiff (Morris) by his deputy sheriff, one James Blakemore.

On a proper showing the official bond is obligatory on both principal and surety, not only for misfeasance but for malfeasance of the principal or a duly authorized and acting deputy. Code 1940, Title 41, § 50; Deason v. Gray, 189 Ala. 672, 66 So. 646.

And a joint tort action in one suit is available as a remedy in such cases. Leath v. Smith, 240 Ala. 639, 200 So. 623.

The case went to the jury on Counts 2 and 3. Count 2 seeks to rest recovery on the allegation that "one James Blakemore, who was then and there a duly appointed and authorized deputy sheriff of Madison County, Alabama under and by virtue of his appointment and authorization as such by the defendant Claude M. Harwell as Sheriff of Madison County, Alabama, while acting in the line and within the scope of his employment as such Deputy Sheriff, *having the plaintiff under arrest and in his custody as such Deputy Sheriff,* did wrongfully shoot the plaintiff" etc.

Count 3 is in similar language except it omits the *quo modo* of the deputy sheriff's conduct, which we have italicized above in Count 2.

It is urged, and apt demurrer took the point, that the counts were defective in not alleging, either in general terms or by setting forth sufficient facts to show that the wrongful shooting was done by deputy Blakemore while acting "under color of his office as such deputy sheriff." The argument is well taken as to Count 3, but not as to Count 2.

As regards Count 2, it will be observed the wrongful shooting is alleged to have been done while the deputy had "plaintiff under arrest and in his custody as such Deputy Sheriff," which shows his activities were under color of his office. "The quo modo, from which the conclusion arose that the deputy was acting under color of office, is alleged." Leath v. Smith, supra, 240 Ala. 641, 200 So. 625. Count 2 therefore was sufficient.

But with respect to Count 3, we think it reasonably clear under the uniform holdings of this court that the allegations were not sufficient as a count for a suit for damages against the sheriff or his official bond for any wrongful conduct of his deputy sheriff. The count seeks to recover for malfeasance of the deputy, but the import of our decisions in such cases seems to be that either the *quo modo* showing that the wrongful act was done under color of office should be alleged, from which the necessary inference arises that the officer was so acting, or the count must contain the requisite allegation mentioned in our cases that the officer was acting "under color of his office." Deason v. Gray, supra, [189 Ala. 672, 66 So. 648; Kelly v. Moore, 51 Ala. 364; Pittman v. Johnson, 224 Ala. 291, 140 So. 371; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Holland v. Fidelity & Deposit Co. of Maryland, 225 Ala. 669, 145 So. 131; Burge v. Scarbrough, 211 Ala. 377, 100 So. 653.

This view has been attained, we think, because under the common law sureties on official bonds were not liable for wrongful acts done by the officer under color of his office, viz., malfeasance, but only for those injuries sustained by the nonperformance or negligent performance of official duties, misfeasance. Since the passage of the statute, however, liability of the sureties has been extended to injuries for wrongful acts done by the officer under color of his office as well as for nonper-

346

▆▆▆▆▆▆▆▆▆▆▆▆▆▆

formance or negligent performance of official duties, and to hold the principal or surety liable the allegations should be reasonably certain as to just what wrong is counted on. In Kelly v. Moore, 51 Ala. 364, 366, quoted with approval as a leading case in Deason v. Gray, supra, 189 Ala. 676, 66 So. 648, the matter was thus discussed: "* * * '"Under color of his office," he arrests and imprisons the plaintiff. This was a misdemeanor at common law, and a tort for which an action could have been maintained * * *. The sureties on his official bond would not, at common law, have been liable for this tort. The malfeasance of their principal, of which misfeasance could not also be predicated, was not within the scope of their obligation. Governor v. Hancock, 2 Ala. 728; McElhaney v. Gilleland, 30 Ala. 183. This was deemed a defect in the common law, and to cure it the statute now extends the liability of sureties on official bonds to injuries from wrongful acts done by the officer under color of his office, as well as to the non-performance, or negligent performance of official duty. R.C. § 169' * * *.'"

Rationalizing this theory with reference to Count 3, it will be seen that the count is uncertain and indefinite as to what character of wrong is sought to be redressed. The bare allegation that the act was done in line and within the scope of Blakemore's authority as deputy sheriff imports, rather than an abuse of power, the real exercise thereof and makes a showing for recovery that the deputy did the wrongful shooting under that authority as one of his legitimate duties. This cannot be, since there is no lawfully imposed duty or authority of a deputy sheriff to "wrongfully shoot" anybody. The allegation then cannot be one of misfeasance and the absence of an allegation showing malfeasance, namely, that the wrongful shooting was under color of his office, makes no claim for recovery against either the sheriff or his bond. To the contrary, the allegations lead to the necessary inference that the act was a private wrong, committed by the deputy, for which, of course, neither the sheriff nor his bond can be held liable.

Burge v. Scarbrough, supra; 47 Am.Jur. 932 et seq., § 158; 57 C.J. 801, § 196; 46 C.J. 1068, § 399; Culverhouse v. National Surety Corp., 27 Ala.App. 318, 171 So. 916; 47 Am.Jur. 940, § 171; McKee v. Griffin, 66 Ala. 211; Pickett v. Richardson, 223 Ala. 683, 138 So. 274; Jones v. Buckelew, 247 Ala. 475, 25 So.2d 23.

We conclude then that, since the action is brought against the principal and the surety on his bond for the alleged malfeasance of deputy sheriff Blakemore for an act done not in the lawful exercise of his authority, but while he was pretending or professing to act by virtue of his office, that is, under color of his office, a proper count to sustain such a recovery should so allege, either by way of conclusion or by allegation of facts necessarily leading to such a conclusion. The cited cases, and many more, as we read them, are subject to no other interpretation and can be reconciled on no other basis.

There seem to be no other propositions meriting discussion on this appeal, since the several incidents of the trial claimed as error will probably not arise again.

For the error noted, a reversal must be ordered.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.