Plaintiff, Rebecca Ward, appeals from a final judgment entered on a jury verdict in favor of defendant, Southern Pine Electric Cooperative, Inc. Plaintiff alleged that her husband, Walton Lee Ward, was killed as a result of defendant's negligence and wanton misconduct in conducting its business of distributing electric current and maintainig equipment for such distribution. Defendant denied negligence and raised the affirmative defenses of contributory negligence and assumption of risk. The trial court directed a verdict for defendant at the close of plaintiff's evidence on the count for wanton misconduct. The negligence count was submitted to the jury; it returned a verdict for defendant.
 Facts
On 28 June, 1978, while Walton Ward and an assistant were installing a citizens' band (C.B.) base antenna at Ward's mother's home on U.S. Highway 84 in Conecuh County, Alabama, the antenna came in contact with defendant's uninsulated, high voltage transmission line and, as a result, Ward was electrocuted. Just prior to this, as they were moving the antenna it contacted a telephone line. Ward's assistant told him to "Watch that line there." Ward responded that "The telephone line wouldn't do nothing."
The power line carried 24,900 volts phase to phase, or 14,400 volts phase to ground, from a takeoff pole at Highway 84 to a transformer on the deadhead pole some 387 feet away in Ward's mother's backyard. The line exceeded the minimum distances, from the house and from the ground, required by the National Electrical Safety Code.
Numerous photographs of the area of the accident are in evidence. They show the location of both the power and telephone lines relative to the corner of the house where Walton Ward was attempting to relocate the C.B. antenna; a single deadhead pole behind the house; two transformers mounted on that deadhead pole; the takeoff pole on Highway 84 and the line running between the takeoff pole and the deadhead pole. It is apparent from these photographs that the power lines are suspended just above the telephone line in the area where Ward's antenna made contact with the power line. All of the lines are in an open area and clearly visible in the photographs.
 Discussion
Plaintiff argues that the trial court erred in giving one of the defendant's requested jury instructions concerning contributory negligence and in failing to give one of the plaintiff's requested jury instructions regarding contributory negligence. An examination of the record shows that plaintiff made no objection to the trial court's action with regard to defendant's requested instruction. No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict. Rule 51, ARCP; Gavin v.Hinrichs, 375 So.2d 1063 (Ala. 1979).
With regard to the trial court's refusal to give the plaintiff's requested instruction, the trial court noted plaintiff's exception to its action although no objections or grounds therefor were stated by the plaintiff. As we have stated, grounds must be assigned in support of an objection to the refusal of an instruction. City of Birmingham v. Wright,379 So.2d 1264 (Ala. 1980). Plaintiff's failure to preserve error in connection with the jury instructions by timely objecting to them, assigning *Page 24 
grounds, precludes an assignment of error regarding those instructions.
Plaintiff further contends that the trial court erred in admitting a portion of the answer to an interrogatory directed to plaintiff while sustaining an objection to the admission of the complete answer. The interrogatory and plaintiff's reply are:
 Do you contend that, prior to the accident, Southern Pine had any notice of Ward's plan to move the antenna?
 No, but Southern Pine was certainly aware of the potential hazard created by them and should have warned Ward and others in potential danger.
Although the "no" portion of the answer was admitted, the trial court sustained defendant's objection to the remainder of the answer. Clearly, the portion of the answer which was excluded was not responsive to the question and was an impermissible conclusion as well. Rule 33 (b), ARCP, provides for the use of answers to interrogatories at trial to the extent they are allowable by the rules of evidence. An unresponsive answer may properly be excluded from evidence,Penney v. Warren, 217 Ala. 120, 115 So. 16 (1927), and this court has upheld the exclusion of the unresponsive answer to an interrogatory. Leath v. Smith, 240 Ala. 639, 200 So. 623
(1941); Illinois Central R. Co. v. Nance, 16 Ala. App. 569,80 So. 143 (1918). We find no error in this regard.
Plaintiff contends the trial court erred in admitting into evidence without authentication, and over plaintiff's objection, a copy of a notice entitled "TV Antenna Safety Hints" which warned of the dangers of erecting an antenna near electric power lines. Defendant's operating superintendent testified that defendant published such warnings from time to time in a publication which was mailed to members of the cooperative; decedent and his mother were members. Admitting this evidence did not violate the best evidence rule. It was not introduced to prove the terms or content of the writing. It properly related to the collateral matter of whether defendant had made an attempt to warn cooperative members of the dangers of erecting an antenna near electric power lines. The notice was merely an example of those published from time to time in order to warn cooperative members of dangers associated with erecting antennas near power lines. The trial court did not abuse its discretion nor commit prejudicial error by admitting this evidence.
Lastly, plaintiff contends the trial court erred by directing a verdict for the defendant on the count for wanton misconduct and by refusing to charge the jury that contributory negligence is not a defense to wanton misconduct. We find no error in this regard.
We have defined wanton misconduct as "the conscious doing of some act or the omission of some duty [while] under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result." Whaley v. Lawing, 352 So.2d 1090 (Ala. 1977).
There is no evidence in this case which would warrant submission of the issue of wantonness of defendant to the jury.
We have stated, regarding the duty of an electric company, that "in the absence of statute or municipal ordinance, it is not necessary to insulate wires which are so placed that no one could reasonably be expected to come in close proximity to them." Alabama Power Co v. Alexander, 370 So.2d 252 (Ala. 1979). There is no evidence these power lines were installed in violation of any statute, ordinance, or safety regulations, or that they were installed where one could reasonably be expected to come in contact with them.
In the absence of any evidence of actual or constructive notice that Walton Ward was installing an antenna in close proximity to the power line, Campbell v. Alabama Power Co.,378 So.2d 718 (Ala. 1979), we cannot conclude the trial court erred in directing a verdict for the defendant on the count charging wanton misconduct and refusing jury charges relating to wantonness. *Page 25 
Because no error appears in the record of the trial of this case, the judgment below is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.