Mathew SMITH, Mary Walker, Appellants,

v.

Mary L. SMITH, Wesley B. Pugh, Appellees.

No. 5424.

District of Columbia Court of Appeals.

Argued Nov. 17, 1970.

Decided Jan. 27, 1971.

———◆———

Henry H. Brylawski, Washington, D. C., for appellants.

Katherine M. Staley, Washington, D. C., for appellees.

Before KERN, GALLAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

Challenged by this appeal is an order of the court below, entered sua sponte during a child custody proceeding, declaring a mistrial for failure to join as parties the natural parents of the child involved.

The action was commenced November 18, 1969, as a habeas corpus proceeding to require obedience to an order of the Circuit Court for Prince Georges County, Maryland, entered October 2, 1969, which awarded custody of a minor child, Sylvia Smith, age 8, to appellants.[1]

By an order entered January 30, 1970, without objection by any party, the court below directed that the cause be treated as a suit for custody of the minor child, permitted the intervention of one Wesley B. Pugh, and advanced the cause for trial.

Entered June 30, 1970, the order declaring a mistrial provided (1) that the mother of the child, when brought in as a party, if competent, should be represented by an attorney of her choice, and, if not competent, by a guardian ad litem,[2] and (2) that the father of the child, if known, be given "notice in accordance with statutory regulations governing service of process." The order provided further that, upon completion of the process as directed, the "cause shall be advanced on the calendar so as to be heard, if possible, prior to September 1970, if this can be done conformably to the schedule of the Judge to whom the case may be assigned."

Although not raised by any party to the proceedings below, we must determine preliminarily the appealability of the order since review by this court is limited by statute to appeals from final orders and judgments. D.C.Code 1967, § 11–741;

1. At the time of the child's birth her mother was a patient at St. Elizabeths Hospital and it does not appear that either the mother or the father of the child was a party to the Maryland proceeding.

2. At oral argument it was represented to the court that, during the pendency of

this appeal, Willie K. Smith, the child's mother, commenced in the court below an action (C.A. No. D 2695–70) against Mary Smith, appellee herein, for custody of the child and, with the consent of the parties to this appeal, the complaint was made a part of the record.

Meadis v. Atlantic Constr. & Supply Co., D.C.App., 212 A.2d 613 (1965); Mid City Theater Corp. v. Bethea, D.C.App., 210 A. 2d 10 (1965).

From the record brought here, it is too clear for extended discussion that the trial court has made no final disposition of the subject matter of this litigation in which the central issue is the custody of the minor child involved.[3] The order complained of does not, therefore, possess the requisite characteristics of finality contemplated by D.C.Code 1967, § 11–741(a) (1), which controls our reviewing authority. Mid City Theater Corp. v. Bethea, *supra*.

The appeal is dismissed.

3. On remand, the trial court may determine that further delay in the disposition of the controversy respecting the custody of the child may be avoided by the consolidation, for trial, of C.A. No. D 2695–70 with Habeas Corpus No. 13–69.