**Jack I. WILKERSON, Plaintiff,**

v.

**Robert SARVER and Charlie Sides, Defendants.**

**No. PB 72 C–35.**

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Nov. 19, 1976.

**606**

William C. Bridgforth, Coleman, Gantt, Ramsay & Cox, Pine Bluff, Ark., for plaintiff.

Jack T. Lassiter and Terry R. Kirkpatrick, Asst. Attys. Gen., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, Senior District Judge.

The defendants, Robert Sarver and Charlie Sides, have filed a motion for judgment notwithstanding the verdicts of the jury in this action, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or, in the alternative, a new trial, pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Honorable Terry R. Kirkpatrick, Assistant Attorney General [1] has filed brief on behalf of the defendants in support of the motion.

Counsel for the defendants have also filed motion to alter judgment, supported by brief, requesting that the verdicts of the jury and judgment be reduced for reasons stated therein.

The Honorable William C. Bridgforth, court appointed attorney for the plaintiff, Jack I. Wilkerson, has filed responses to the motions of the defendants for judgment

1. The Honorable Jim Guy Tucker, Attorney General, and his Assistants, represent the defendants since, at the time of the incident, Robert Sarver was the Commissioner of the Department of Correction, State of Arkansas, and Charlie Sides was an inmate serving a sentence at Cummins Unit, Department of Correction.

notwithstanding the verdicts or for new trial and motion to alter judgment.

Counsel for both parties have requested a hearing on the motions.

The case was originally filed by the plaintiff, pro se, against these two defendants and numerous others as officials and officers of the State of Arkansas or an agency of the State.[2]

The original petition was filed by the plaintiff, pro se, March 16, 1972. The petitioner claimed to be an indigent and filed the required affidavit as such. The Court, Henley, J., by order directed the Clerk to file the petition and an amendment that had been received without charge. At the same time, the Court ordered that the petition be dismissed as to all parties defendant except Charlie Sides. The defendant, Charlie Sides, was a trustee guard at Cummins Prison at the time of the incident which gave rise to the filing of this action.

The plaintiff appealed to the Court of Appeals for the Eighth Circuit from the action of the Court in dismissing the case as to all parties as defendants except defendant Sides. The Circuit Court of Appeals remanded the case to the District Court with directions that an attorney be appointed to represent the petitioner, Wilkerson, under the Criminal Justice Act. The Court originally appointed the Honorable R. T. Beard, III, to represent the plaintiff. Subsequently, Mr. Beard, for good cause, requested that he be relieved of the appointment and the Court appointed the Honorable Mike Mitchell as the plaintiff's attorney.

After substantial discovery, it became necessary for the Court to relieve Mr. Mitchell as counsel for the plaintiff; thereafter the Court appointed the Honorable William C. Bridgforth.

With the Court's permission, an amendment to the petitioner's pro se petition was filed to include a petition for writ of habeas corpus. The Court had directed counsel to file an amended and substituted complaint in order that the issues would be clarified and a better understanding for purposes of processing the case to a final conclusion. Subsequently, the Court dismissed the petition for habeas corpus as being without merit and directed the parties to proceed toward a trial to a jury for damages.

The plaintiff, Wilkerson, is an inmate in the State Penitentiary, Department of Correction, Arkansas, where he is serving two life sentences for murder. Prior thereto, he had served in state penitentiaries in Oklahoma, Illinois, Kansas and Arkansas.

The plaintiff's complaint, as amended, is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, for equitable relief and damages. By process of amendment, jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and (4). The plaintiff claims a redress of the deprivation of his civil rights, secured to him under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Constitution of the United States. He further claims to have suffered damages under the Eighth Amendment on the basis that he suffered cruel and unusual punishment.

In the final amendment to his complaint for damages, he contends that he is entitled to damages from the defendants, Robert Sarver, Charlie Sides and Dr. Jack Eardley, for injury sustained by being shot with a pistol by inmate Charlie Sides, acting as a trustee guard, on October 5, 1969.

The evidence showed that the plaintiff, Jack I. Wilkerson, and another inmate had been drinking throughout the day of the incident. It was a Sunday and they were permitted to be in the prison gymnasium. This facility was near the building referred to as the "Blood Bank" where inmates were permitted to go for the purpose of provid-

---

2. The Attorney General, the Prosecuting Attorney of the Seventh Circuit of Arkansas, Terrell Don Hutto, present Commissioner of Department of Correction, Members of the State Board of Corrections, Ralph Roberts, deceased, former Superintendent, Cummins Unit, and Dr. Jack Eardley, Medical Officer of the Cummins Prison, were named defendants originally. Each of these named defendants were dismissed as party defendants except Dr. Eardley. It was agreed by counsel for the parties that they were not proper defendants and the complaint as to each of them was dismissed early in the proceeding.

ing blood and, in return, they were remunerated by credit of cash in their account.

Sometime after dinner had been served to the inmates, approximately 6:00 p. m., the plaintiff and the other inmate with him were still in the gymnasium. The plaintiff claims that he was drinking heavily and under the influence of alcohol. After dark, he and the other inmate left the gymnasium by a window, having to drop several feet to the ground. They went to the area identified as the ball park, an unauthorized area at night for inmates. The plaintiff had changed from regular prison clothes into "free world" clothes before he left the gymnasium. It was reported to the guards that someone was in the unauthorized area.

The defendant Sides, a trustee guard, armed with a pistol with two other guards arrived at a place near the tower where other guards were stationed with floodlights. Two other guards were in the area of the blood bank building and gymnasium. They also were armed. The plaintiff started toward the area of the fence, some distance away. That area was dark although the floodlights provided some light. The plaintiff was ordered to stop. He started to run and several shots were fired by the guards in the air above plaintiff. He continued running toward the fence. It was admitted that the defendant Sides shot the plaintiff in the back as he was going away from them and in the general direction of the fence. The plaintiff was seriously wounded and, as a result, it was necessary for him to have multiple operations.

The case was tried to a jury commencing September 27, 1976, and concluded approximately 7:30 p. m., September 28, 1976. The jury returned a verdict in favor of the plaintiff, Wilkerson, against the defendant Sarver, in the sum of $50,000.00, and a verdict for the plaintiff, Wilkerson, against the defendant Sides, in the sum of $100,-000.00.

In their motion for judgment notwithstanding the verdicts of the jury, the defendants contend that they were entitled to a directed verdict at the close of the evi-

dence in the case, which motions were denied by the Court. Counsel for the defendants claim that the verdicts of the jury were against the clear weight of the evidence and have resulted in a miscarriage of justice. They contend that the overwhelming weight of evidence demonstrated that defendant Sides shot plaintiff while he was running toward the fence in an unauthorized area at night dressed in free world clothes. It is further contended that the plaintiff was attempting to escape and that excessive force was not used in preventing such attempted escape.

As to defendant Sarver it is contended, in the motion for judgment notwithstanding the verdict, that the plaintiff failed to prove that he, Sarver, knew or should have known the defendant Sides possessed a violent disposition.

The Court is not impressed with the contention of the defendants for judgment notwithstanding the verdict and the motion should be denied. An order will be entered accordingly.

Included in the motion, as an alternative, is a request for a new trial on the following basis:

(a) The trial court erred in refusing defendants' request for additional peremptory challenges;

(b) The trial court erred in attaching a note to the set of jury instructions sent to the jury without notifying defendants' counsel;

(c) The verdicts are excessive and improper and the inconsistent verdicts against the defendants indicate prejudice and capricious action. It is claimed the jury acted prejudicially and was biased in its deliberation; and

(d) The verdicts are unsupported by the evidence.

The Court is unimpressed with the contention of counsel for the defendants on the basis upon which the Court is urged to grant a new trial of the case. However, the Court is persuaded that, in the interest of justice, a new trial should be granted in the case for different reasons than those relied

upon by the defendants. Pursuant to Rule 59(d) of the Federal Rules of Civil Procedure, the Court has caused notice of the consideration of grounds for new trial not raised by defendants to be served on both parties, and conducted a hearing thereon on November 9, 1976, at which counsel for both parties appeared and were afforded the opportunity to present argument. The plaintiff was present, but neither of the defendants appeared.

At the request of the Court, counsel for both parties filed briefs in relation to the motion for judgment notwithstanding the verdicts of the jury or, in the alternative, for new trial. At the hearing the Court heard argument of the attorneys and the motion was taken under advisement.

During the trial, at the close of the testimony on the part of the plaintiff, a motion was made by counsel for the defendants for a directed verdict. The Court granted the motion as to defendant Eardley and dismissed the complaint as to him for the reason that the testimony failed to establish that Dr. Eardley was, in any way, responsible for the alleged injury and subsequent damage to the plaintiff.

Counsel for the plaintiff made no objection to the ruling of the Court and the complaint was dismissed as to the defendant, Dr. Jack Eardley. The motion for directed verdict was denied as to defendants, Robert Sarver and Charlie Sides.

At the conclusion of all the testimony in the case, counsel for the defendants renewed the motion to dismiss as to defendants, Sarver and Sides. The Court denied the motion and proceeded to submit the matter to the jury, after final argument of counsel for the parties, and instructions as to the law applicable to the case.

During the course of its deliberation, the jury transmitted a written note to the Court requesting that the jury be further advised as to the law concerning the possible liability of Sarver under the testimony and record in the case. The Court conferred with counsel for the parties and discussed the advisability of submitting to the jury several instructions as applicable to

defendant Sarver. The numbered instructions considered were noted on a separate paper. As a result of the discussion with the attorneys, the Court sent to the jury the entire set of instructions; with the piece of paper noting the numbered instructions as to defendant Sarver and nothing else. The jury was, under the instructions, to consider the instructions as a whole and not to single out one instruction as to the exclusion of the others.

After considerable deliberation, the jury returned separate verdicts for the plaintiff against the defendants. The jury awarded the plaintiff damages as against defendant, Robert Sarver, in the sum of $50,000.00 and, in a separate verdict, awarded damages as against the defendant, Charlie Sides, in the sum of $100,000.00. As pointed out by counsel for the plaintiff, it was only after the verdicts of the jury had been returned that counsel for the defendants objected to providing the jury with the instructions, with the numbered instructions as applicable to Sarver attached thereto, in response to the note received from the jury.

The Court is constrained, after having had the benefit of the entire record, and having heard the testimony in the case, and the benefit of exhibits entered during the course of the testimony, to conclude that:

1. The inconsistency of the verdicts of the jury, as between defendants, Sarver and Sides, makes it clear that the jury was confused as to the liability of the defendants from the evidence in the case and instructions of the Court which requires, in the interest of justice, that a new trial be ordered, and

2. The Court, having had an opportunity to further review the case law, concludes that the case was submitted on an erroneous theory under the evidence presented in the case, which likewise requires that a new trial be ordered in the interest of justice.

Rule 59(d) of the Federal Rules of Civil Procedure provides that, after giving the parties notice and an opportunity to be heard on the matter, the Court may grant a

motion for a new trial, timely served, for a reason not stated in the motion and, in either case, the Court shall specify in the order the grounds therefor.

■ In evaluating the propriety of a new trial, the Court is required to consider the evidence presented in the case in a light most favorable to the parties opposing the motion. *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir. 1969) (en banc).

■ As to the first reason stated above, as grounds for a new trial, the inconsistency of the jury verdicts, the Court relies on the well reasoned case of *Wood v. Holiday Inns, Inc.,* 508 F.2d 167, 175 (5 Cir. 1975). There, the jury returned a verdict in favor of Wood but apportioned damages in the amount of $25,000 compensatory damages against Gulf, $25,000 punitive damages against Interstate and Goynes, and $10,000 punitive damages against Holiday Inns. On consideration of the jury verdicts the Court granted the motions of Gulf and Holiday Inns, Inc. for judgments notwithstanding the verdict and granted the motion of Interstate and Goynes for a new trial. Wood appealed. Interstate and Goynes also appealed. In its opinion, that Court stated:

> "The grant of a new trial in this case was not an abuse of discretion, for the form of the verdict indicated confusion. For example, the jury awarded differing amounts of damages against Holiday Inns, Inc., and Interstate, in spite of the fact that the liability of both parties resulted proximately from the single act of Goynes. A plaintiff cannot ordinarily recover a judgment for different amounts against joint tortfeasors. *Bull v. Albright,* 254 Ala. 29, 47 So.2d 266 (1955). Where verdicts in the same case are inconsistent on their faces indicating that the jury was confused, a new trial is certainly appropriate and may even be required. See *Hopkins v. Coen,* 431 F.2d 1055 (6th Cir. 1970)." At page 175.

In the same case, *Wood v. Holiday Inns, Inc.,* D.C.Ala., 369 F.Supp. 82, 91, 92, as decided by the District Court, Varner, J., the Court stated:

> "This Court is convinced from the verdict itself that the jury was obviously confused and that the verdict against Interstate and Goynes should, therefore, be set aside and the Defendants' motion for a new trial should be granted. 6A Moore's Federal Practice, 5908(4); 11 Wright & Miller, 2810."

> \*   \*   \*   \*   \*   \*

> "The jury had a difficult task in assessing damages against several defendants for several wrongs proximately causing the same indivisible damage. As pointed out by the Defendants, a plaintiff cannot ordinarily recover a judgment for different amounts against joint tortfeasors. *Bull v. Albright,* 254 Ala. 29, 47 So.2d 266 (1955)."

In *Wood,* supra, as in the instant case, the liability, as determined by the jury from the evidence in the case resulted proximately from the single act of one of the parties. In the instant case, it is undisputed that the basis of liability as to both defendants, Sarver and Sides, resulted from the single act of Sides. The Court, therefore, concludes that, since the jury returned verdicts of different amounts in behalf of the plaintiff and against the defendants, Sarver and Sides, as joint tortfeasors, the verdicts should be set aside and a new trial ordered.

As to the second reason stated above as grounds for a new trial, the Court concludes that, from the testimony presented in the case, it was submitted to the jury on an erroneous theory of the law.

■ In this Circuit, Circuit Judge Van Oosterhout, speaking for the Court, stated the well established rule as follows:

> "We have consistently held that where a case is submitted to the jury upon several theories and the submission on one or more theories is erroneous and a general verdict has been returned, the verdict cannot be upheld because it is impossible to determine with certainty the theory upon which the jury based its verdict. Under such circumstances a new trial should be granted. *Chicago, R. I. & P. R. Co. v. Lovejoy,* 8 Cir., 206 F.2d 77; *North-*

*ern Pac. Ry. Co. v. Haugan*, 8 Cir., 184 F.2d 472; *Strickland Transp. Co. v. Gunter*, 8 Cir., 175 F.2d 747." *Superior Combustion Industries v. Schollman Bros. Co.*, 271 F.2d 357, 364 (8 Cir. 1959).

■ The Court submitted the instant case to the jury on the theory of "negligent entrustment". Negligent entrustment is defined in Restatement (Second) of Torts, § 390 (1965), as follows:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." *Collins v. Arkansas Cement Company*, 453 F.2d 512 (8 Cir. 1972).[3]

In submitting the case on negligent entrustment, the Court was persuaded by Note 3, and cases cited therein, by our own Eighth Circuit Court of Appeals in the case of *Richard LeJose Navarro v. Chief of Police, Des Moines, Iowa, and Sheriff of Polk County*, 8 Cir., 523 F.2d 214, 1975. In the footnote, the Court stated:

"3

We have also considered whether the dismissal should be sustained at this stage of the lawsuit for failure of the plaintiff to state a claim for relief. As noted earlier, the motion to dismiss by Police Chief Nichols was based on the argument that plaintiff was proceeding under a theory of *respondeat superior*, and that this doctrine is inapplicable in a civil rights action.

The viability of vicarious liability under the civil rights acts is not clearly settled in the federal courts. In *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973), this court rejected strict application of the doctrine of *respondeat superior* in a civil rights action. See also *Goode v. Rizzo*, 420 U.S. 1003, 506 F.2d 542, 550 (3d Cir. 1974), *cert. granted*, 95 S.Ct. 1443, 43 L.Ed.2d 760 (1975); *Draeger v. Grand Central, Inc.*, 504 F.2d 142 (10th Cir. 1974). Other courts, while not embracing the law of master and servant, have noted circumstances in which vicarious liability might be imposed. *See Tuley v. Heyd*, 482 F.2d 590, 594 (5th Cir. 1973) (sheriff's vicarious liability for acts of deputy controlled by state law); *Wright v. McMann*, 460 F.2d 126, 134–35 (2d Cir. 1972), *cert. denied*, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972) (liability imposed for unconstitutional conditions of confinement about which prison warden should have known and for which he bore ultimate responsibility under New York law); *Whirl v. Kern*, 407 F.2d 781, 791–92 (5th Cir.), *cert. denied*, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969) (sheriff held to constructive knowledge of the judicial termination of charges against one in his custody). *Cf. Fisher v. Volz*, 496 F.2d 333, 349 (3d Cir. 1974) (noting differences of opinion in the federal courts and holding only that doctrine of *respondeat superior* will not support an award of punitive damages)."

"However, whatever the standing of vicarious liability in the federal courts, plaintiff's complaint can be read as seeking relief under a theory of direct liability, i. e., that defendant failed to provide proper training for his subordinates. Indeed, this theory, although inartfully phrased, was advanced by plaintiff in his response

---

**3.** *§ 302 A. Restatement (Second) of Torts, Volume 2, states:*

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person."

*§ 302 B. Restatement (Second) of Torts, Volume 2, states:*

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

to the motions to dismiss for failure to state a claim. This court has recently noted that such a theory of direct liability 'is not totally without legal support.' *Ailshire v. Darnell*, 508 F.2d 526, 528 (8th Cir. 1974)."

The Supreme Court of the United States, on January 21, 1976, decided the case of *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561, cited in the opinion referred to above by our Eighth Circuit Court of Appeals. The Court has had an opportunity to analyze the *Rizzo* case and concludes that the thrust of the Court's opinion is that there must be a showing of direct responsibility for the actions of the party involved. Although, the Court did not reach the theory of *"respondeat superior"*, the decision of the Circuit Court of Appeals for the Third Circuit, affirming the decision of the District Court, was reversed.

In a dissenting opinion by Mr. Justice Blackmun, with whom Mr. Justice Brennan and Mr. Justice Marshall joined, it is stated:

"The Court today appears to assert that a state official is not subject to the strictures of 42 U.S.C. § 1983 unless he directs the deprivation of constitutional rights. Ante, pp. 374–378, 96 S.Ct. pp. 606–607. In so holding, it seems to me, the Court ignores both the language of § 1983 and the case law interpreting that language. Section 1983 provides a cause of action where a person acting under color of state law 'subjects, or causes to be subjected,' any other person to a deprivation of rights secured by the Constitution and laws of the United States. By its very words, § 1983 reaches not only the acts of an official, but also the acts of subordinates for whom he is responsible."

This Court can only conclude that the majority opinion decided to the contrary on the construction placed on § 1983 in the minority opinion.

This construction inferred by the majority opinion in *Rizzo*, supra, is supported by and embodied in a great many cases brought under the Civil Rights Act, § 1983.

In the case of *Chestnut v. City of Quincy*, 513 F.2d 91 (5 Cir. 1975), the Fifth Circuit

Court of Appeals, in noting that the Chief of Police, Edwards, knew of no instance of the use of excessive force by Roberts, stated:

"However, the remote and unrecorded incident in which Roberts was implicated before Edwards was Chief, and Edwards' non-action with respect to it years later when he became Chief was, under the circumstances, wholly insufficient to raise an inference creating an issue as to liability. The record simply does not disclose any other omissions sufficient to raise an issue concerning the measures taken by Edwards with respect to the duty assignments of Roberts. In the light of the undisputed facts the district court properly granted Edwards' motion for summary judgment." at page 92.

The case of *Curtis v. Everette*, 489 F.2d 516 (3 Cir. 1973), decided by the United States Court of Appeals for the Third Circuit, is directly in point on the issue of liability as to Commissioner Sarver. Curtis and Everette were inmates in the Department of Corrections, Pennsylvania. Everette seriously, deliberately and brutally assaulted Curtis without provocation in the kitchen at the state institution. Inmate Curtis filed a complaint under the Civil Rights Acts (42 U.S.C. §§ 1981 and 1983 and 28 U.S.C. § 1343(3)) for damages against inmate Everette, Hess, dietician and kitchen guard, Smith, head steward and kitchen guard, and Brindle, correctional officer, for not taking necessary action to prevent the assault.

Curtis also named as defendants Arthur T. Prasse, Commissioner of Corrections, and Harry E. Russell, Superintendent of the Huntingdon Correctional Institute. The District Court dismissed the complaint and the plaintiff Curtis appealed.

In its opinion, the appellate court set aside the action of the District Court in dismissing the complaint as to defendants, Hess, Smith and Brindle, prison personnel, and, also, as to Everette, and remanded the case to the District Court for further proceedings as to those defendants. In its

opinion, the Third Circuit Court of Appeals affirmed the District Court in dismissing the complaint as to Prasse and Russell. The Court noted that they were not present at the time of the injury. As to them, the complaint alleged that they intentionally, willfully and recklessly caused appellant [Curtis] personal injury and deprivation of his constitutional rights by failing to provide adequate training to the guards for the protection of inmates; failing to hire adequate personnel to protect the inmates; permitting the prisoners to retain homemade weapons; failing to inspect prisoners leaving the dining room for secreted kitchen utensils which are converted to weapons, failing to inspect the cells for weapons, and allowing the said dangerous conditions to continue with actual knowledge.

In its opinion, the Court concluded that ". . . there is no allegation of facts indicating intentional action by these defendants 'under color of' state law subjecting plaintiff or causing plaintiff to be subjected to deprivation of his civil rights." Citing Cases, 489 F.2d at page 521.

There are numerous district court citations that hold that it is the general rule that an official, acting in the course of his official duties and responsibilities, will not be liable in a civil rights action unless he "directly and personally participates" in conduct "under color of" state law which results in deprivation of the plaintiff's rights, privileges and immunities secured by the Federal Constitution. *Richardson v. Snow*, 340 F.Supp. 1261 (D.Md.1972). Also, there are legions of cases which hold that it is an essential element of a civil rights claim that the defendant be personally involved in the alleged denial of constitutional rights. *Battle v. Lawson*, 352 F.Supp. 156 (W.D.Okl.1972); *Townes v. Swenson*, 349 F.Supp. 1246 (W.D.Mo.1972); *Campbell v. Anderson*, 335 F.Supp. 483 (D.Del.1971); *Hopkins v. Hall*, 372 F.Supp. 182 (D.C.Okl. 1974); *Washington v. Anderson*, 387 F.Supp. 412, 414 (D.C.Okl.1974).

In *McDonald v. McCracken*, 399 F.Supp. 869 (E.D.Okl.1974), an inmate in the Oklahoma State Penitentiary brought an action under the Civil Rights Act, 42 U.S.C. § 1983, against Leo J. McCracken, Ex-Director, Oklahoma Department of Corrections, and others. He complained that, acting under color of state law, the defendants deprived him of certain of his civil rights in connection with his confinement as a prisoner in the institution. He sought damages in a substantial sum against each of the defendants, all former officials of the institution.

The plaintiff testified and the Court concluded that the defendants were named as defendants simply because they were officials of the Oklahoma State Penitentiary. The Court stated:

". . .. It is a fundamental rule of law that an official will not be liable for damages in a civil rights case unless it is demonstrated that he directly and personally participated in the conduct under color of state law which deprived the plaintiff of his rights, privileges or immunities as secured to him by the federal constitution." at page 872.

Similarly, in *Bolden v. Mandel*, 385 F.Supp. 761 (Md., 1974), the District Judge, Alexander Harvey, II, concluded, at page 762, as follows:

"We agree with the majority of federal courts which have considered the question that where, as here, money damages are sought pursuant to 42 U.S.C. § 1983, some personal involvement by the defendant is required; the doctrine of *respondeat superior* does not apply. *See, e. g., Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973); *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971); *Madison v. Gerstein*, 440 F.2d 338 (5th Cir. 1971); *Dunham v. Crosby*, 435 F.2d 1177 (1st Cir. 1970); *Campbell v. Anderson*, 335 F.Supp. 483 (D.Del.1971); *Sanberg v. Daley*, 306 F.Supp. 277 (N.D. Ill.1969); But, *compare, Carter v. Carlson*, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), rev'd on other grounds, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), and *Hill v. Toll*, 320 F.Supp. 185 (E.D.Pa.1970)."

It would appear, from the conclusions of the Courts in the above cited cases, that a

judgment notwithstanding the verdict of the jury might well be entered in favor of defendant Sarver. However, the Court has concluded that there is some possibility, from the record, that the plaintiff could show circumstances that might directly involve defendant Sarver with the incident wherein plaintiff was injured. In a new trial, if the plaintiff can show by credible evidence "personal involvement" of defendant Sarver, as Commissioner of the Department of Corrections, a justiciable question of fact may be presented for the jury.

█ Counsel for the plaintiff has submitted an outstanding and informative brief in opposition to the motions for judgment notwithstanding the verdict or, in the alternative, a new trial. The thrust of his contentions on behalf of the plaintiff is that the law of the State of Arkansas should be applied.

Rule 59 of the Federal Rules of Civil Procedure admittedly authorizes the Court, in its discretion, to grant or refuse to grant a motion for a new trial. It has been held that the rule embodies the common law precedents of the English and federal courts. Thus, state procedure is not applicable. See 6A Moore's Federal Practice ¶ 59.05. *Holmes v. Wack*, 464 F.2d 86, 88 (10th Cir. 1972).

The scope and extent of this power of granting a new trial is well described in the oft-cited opinion of the Fourth Circuit (opinion by Judge Parker) in *Aetna Casualty & Surety Co. v. Yeatts*, 122 F.2d 350 (4th Cir. 1941), wherein the late Judge Parker pointed out that a federal trial judge has ample power to see that justice is done and, where the ends of justice require it, he has the authority to set aside the jury's verdict. *Holmes v. Wack,* supra, at page 88.

In *Pritchard v. Smith*, 289 F.2d 153 (1961), the Eighth Circuit Court of Appeals held that § 1983 does not deal expressly with the question of survivorship. In such a situation, " 'it is for the federal courts to fashion the governing rule * * * according to their own standards.' *Clearfield Trust Co. v. United States*, 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838." at

page 155. See also *Basista v. Weir*, 340 F.2d 74, 85 (3rd Cir. 1965).

The second and final contention of counsel for the plaintiff is that the only theory on which the case should be submitted is the standard of ordinary care. This, obviously, refers to the question of vicarious liability based on negligent entrustment. The Court has already concluded that this was an erroneous theory.

On the basis of the record in this case, and the Court having reached the conclusions stated hereinabove, it would follow that the verdicts of the jury, and the judgment entered in accordance therewith, should be set aside and held for naught and a new trial ordered pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Court has already stated that the motion of the defendants for judgment notwithstanding the verdicts should be denied.

The Court further concludes that the motion of the defendants to alter judgment should be denied.

IT IS, THEREFORE, ORDERED that the motion of the defendants, Robert Sarver and Charlie Sides, for judgment notwithstanding the verdicts of the jury be and the same is hereby denied.

IT IS FURTHER ORDERED by the Court that the motion of the defendants to alter judgment be and the same is hereby denied.

In addition, it is ORDERED by the Court that the verdicts of the jury in favor of the plaintiff, Jack I. Wilkerson, and against the defendants, Robert Sarver and Charlie Sides, be and the same are hereby set aside and held for naught and that a new trial be and the same is hereby ordered.