**HAIRLOX COMPANY, INC.,**
**Appellant/Cross–Appellee,**

v.

**David G. McDONALD,**
**Appellee/Cross–Appellant.**

**Nos. 87–906, 87–907.**

District of Columbia Court of Appeals.

Argued Feb. 15, 1989.
Decided April 19, 1989.

W. Eric Cloud, Forestville, Md., for Hairlox Co., Inc.

Clement Theodore Cooper, Washington, D.C., for David G. McDonald.

Before ROGERS, Chief Judge, and FERREN and STEADMAN, Associate Judges.

**PER CURIAM:**

This action involves a disputed employment contract. The jury after deliberation returned what was considered an unclear verdict in favor of David G. McDonald. Asked to deal with questions put by the trial court, the jury returned a note that led the court to conclude that the jury was "woefully and hopelessly confused." Thereupon, the court declared a mistrial. Subsequently, McDonald filed a motion to vacate "the order granting mistrial and to reinstate jury verdict and/or to limit retrial on issue of damages", and the opposing parties, Hairlox Company, Inc., and Marcus Griffith, filed a motion for judgment notwithstanding the verdict. Both motions were denied by the trial court in a written order, and cross-appeals were taken to this court.

With certain limited exceptions, none of which is applicable here, this

court's appellate jurisdiction extends only to "final orders and judgments" of the Superior Court. D.C.Code § 11–721 (1981). An order granting a civil mistrial is not an appealable final order. *United States v. Sedgwick*, 345 A.2d 465, 471 (D.C.1975), *cert. denied*, 425 U.S. 966, 96 S.Ct. 1751, 48 L.Ed.2d 210 (1976); *Smith v. Smith*, 272 A.2d 845 (D.C.1971); *Esneault v. Waterman Steamship Corp.*, 449 F.2d 1296 (5th Cir.1971); *see* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 3915 at 592 (1971). Nor is an order granting a new trial, *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980); *see* WRIGHT & MILLER, *supra*, §§ 2818 at 113, 3915 at 591, at least if no lack of court "jurisdiction or power" is presented.[1] Thus, however the trial court action is characterized, McDonald's appeal is premature. Any alleged error in that action may be reviewed upon an appeal from an ultimate judgment in the proceeding. *Baber v. Buckley*, 322 A.2d 265 (D.C.1974); *Taylor v. Washington Terminal Co.*, 133 U.S.App.D.C. 110, 112, 409 F.2d 145, 147, *cert. denied*, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969); WRIGHT & MILLER, *supra*, at § 2818 at 115. Hairlox and Griffith conceded at oral argument that their cross-appeal was protective only and would fall along with the dismissal of McDonald's appeal.

*Appeals dismissed.*

---

1. *See* WRIGHT & MILLER, *supra*, § 3915 at 594–98; and 6A MOORE, LUCAS, AND GROTHEER, JR., MOORE'S FEDERAL PRACTICE ¶ 59.15[1] at 59–319 (1987) (both criticizing doctrine). Even assuming such an exception to nonappealability is applicable in our court system, we perceive no basis for its invocation here. Jury confusion may be a proper basis for granting a new trial. *Capitol Hill Hosp. v. Jones*, 532 A.2d 89, 92 n. 11 (D.C.1987); *Wood v. Holiday Inns, Co.*, 508 F.2d 167, 175 (5th Cir.1975); *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir.1970); *Wilkerson v. Sarver*, 72 F.R.D. 605 (E.D.Ark.1976).